CATHERINE FOLLMAN *vs.* CITY OF MANKATO.

October 1, 1886.

**One riding by Invitation in Private Carriage, not chargeable with Driver's Negligence.**—One who, while riding in the private carriage of another, at his invitation, is injured by the negligence of a third party, (a municipal corporation,) may recover against the latter, notwithstanding the negligence of the owner of the carriage in driving it may have contributed to produce the injury; the plaintiff being without fault, and having no authority over the driver.

Appeal by plaintiff from an order of the district court for Blue Earth county, *Start,* J., presiding, (acting for the judge of the Sixth district,) refusing a new trial.

*Daniel Buck* and *Freeman & Pfau,* for appellant.

*James Brown,* for respondent, cited *Prideaux* v. *City of Mineral Point,* 43 Wis. 513; *Houfe* v. *Town of Fulton,* 29 Wis. 296; *Otis* v. *Town of Janesville,* 47 Wis. 422, (2 N. W. Rep. 783;) *Lake Shore, etc., R. Co.* v. *Miller,* 25 Mich. 274; *Stillson* v. *Hannibal, etc., R. Co.,* 67 Mo. 671; *Holly* v. *Boston Gas Light Co.,* 8 Gray, 123, 132, (69 Am. Dec. 233;) *Carlisle* v. *Sheldon,* 38 Vt. 440; *Brown* v. *N. Y. C. R. Co.,* 31 Barb. 385; *Munroe* v. *Leach,* 7 Met. 274; *Puterbaugh* v. *Reasor,* 9 Ohio St. 484; *Cauley* v. *Pittsburgh, etc., Ry. Co.,* 95 Pa. St. 398; *City of Joliet* v. *Seward,* 86 Ill. 402; *Toledo, etc., Ry. Co.* v. *Miller,* 76 Ill. 278; *Jeffersonville, etc., R. Co.* v. *Bowen,* 40 Ind. 545; *Hathaway* v. *Toledo, etc., Ry. Co.,* 46 Ind. 25; *Brown* v. *N. Y. C. R. Co.,* 32 N. Y. 597; Cooley on Torts, 684.

DICKINSON, J.    While the plaintiff was riding upon a public street in the city of Mankato with one Kiefer and his wife, in Kiefer's private carriage, and at his invitation, the carriage was precipitated into a ditch or gully in the street, causing the injury complained of.    The plaintiff was a sister of Mrs. Kiefer.    The ground of action is the alleged negligence of the city in respect to the condition of the street. The case presented an issue as to whether Kiefer was chargeable with negligence in the driving of his team which contributed to produce the injury.

The court instructed the jury that if Kiefer was chargeable with such negligence, the plaintiff could not recover. The correctness of this instruction is the only subject which we shall have to consider. The question is whether one who, by invitation or permission of another, rides in the private conveyance of the latter, and which is wholly under the management and control of the owner, is affected by the negligence of such owner, so as to prevent a recovery against a third party for negligence.

The authorities are somewhat in conflict. Since the decision of *Thorogood* v. *Bryan*, 8 C. B. 115, it may be said that the principle or reason upon which the decisions have generally been based in England, in the case of injuries in *public* conveyances, is opposed to a right of recovery in such cases as this. In that case the injury resulted to the plaintiff's intestate while he was a passenger in a public conveyance,—an omnibus,—and the question was whether the contributory negligence of the driver barred a recovery in an action for negligence against the proprietor of another public conveyance. Distinctions might be suggested between such a case and that now before us; but it is enough for our present purpose to say that the reasons assigned for the determination in *Thorogood* v. *Bryan*, and generally in the decisions which have held to the same doctrine of imputed contributory negligence, if such reasons are valid, might also be accepted as reasons for a like conclusion in this case. We therefore deem such decisions to be authority in favor of the respondent.

The reason assigned for the conclusion that there could be no recovery in *Thorogood* v. *Bryan* is that "the deceased must be considered as identified with the driver of the omnibus in which he voluntarily became a passenger, and that the negligence of the driver was the negligence of the deceased." (p. 131.)

In a late case, (*Armstrong* v. *Lancashire, etc., Ry. Co.*, L. R. 10 Exch. 47,) involving the same question, Pollock, B., referring to the decision in *Thorogood* v. *Bryan*, said: "If it is to be taken that by the word 'identified' is meant that the plaintiff, by some conduct of his own, as by selecting the omnibus in which he was travelling, has acted so as to make the driver his agent, that would sound like a strange proposition, which could not be entirely sustained. But what

I understand it to mean is that the plaintiff, for the purpose of the action, must be taken to be in the same position as the owner of the omnibus, or his driver."

In *Prideaux* v. *City of Mineral Point*, 43 Wis. 513, was presented the case of one (the plaintiff) riding in a conveyance hired and driven by another person, and injury to the plaintiff from the concurrent negligence of the driver and of the defendant. The court denied a right to recover under such circumstances. The reason upon which the decision is based will be seen from the following extract from the opinion, in which reference is made to what may be distinctively called the English rule, as above stated: "When the agency of a person in control of a private conveyance is express, there is no difficulty in the rule. The contributory negligence of the servant will defeat the master's action for negligence against a third person; and it seems that there ought to be as little difficulty in the rule when the agency is implied only. One voluntarily in a private conveyance voluntarily trusts his personal safety in the conveyance to the person in control of it. Voluntary entrance into a private conveyance adopts the conveyance, for the time being, as one's own, and assumes the risk of the skill and care of the person guiding it. *Pro hac vice*, the master of a private yacht, or the driver of a private carriage, is accepted as agent by every person voluntarily committing himself to it. * * * There is a personal trust in such cases, which implies an agency."

The same rule of imputed negligence was asserted without any discussion of the subject in *Houfe* v. *Town of Fulton*, 29 Wis. 296, and again in *Otis* v. *Town of Janesville*, 47 Wis. 422, (2 N. W. Rep. 783.) The facts in the latter case are not so stated as to disclose how the plaintiff was related to the driver.

In *Lake Shore, etc., Co.* v. *Miller*, 25 Mich. 274, the supreme court of that state seems to sustain the same rule, but cites no authority, and discloses no reason for its conclusion. This was the case of one riding in a private conveyance. It may be questioned whether the weight to be given to this decision as authority upon the question under consideration may not be somewhat impaired by a later decision in the same court, to which we shall hereafter refer.

It is to be observed, however, and this may go to reconcile the two decisions, that in the case above cited the circumstances went strongly to show actual negligence on the part of the plaintiff as well as on the part of the driver. But while the doctrine of imputed contributory negligence, under circumstances similar to those presented in this case, is not without support, the weight of authority in this country is opposed to it; and the reasons which have been assigned for the rule, and upon which it must be deemed to rest, cannot, we think, be sustained.

From the decisions to which we have referred it may be seen that the doctrine has been based either upon an unexplained "identity" of position between the plaintiff and the person by whose contributory negligence his right of action is affected, or else upon the ground that such person had been accepted as his *agent,* so that the negligence of the latter is, in legal contemplation, the negligence of the plaintiff. It seems to us that neither of these theories can be sustained as affording a legal ground for the imputation to the plaintiff of the negligence of another over whose conduct the plaintiff neither had nor exercised any authority or control, and in whose conduct he in no manner participated. Since a recovery may be had against any of several wrong-doers whose concurrent acts have produced injury to the plaintiff, the liability of one such wrong-doer in an action against him is not avoided by the fact of the concurrent wrong of another, in respect to which the plaintiff is in no way in fault, and for which he is not responsible. We do not refer to cases recognized as being exceptional, where parties stand in peculiar relations to each other, such as that of parent and child, guardian and ward. The theory of "identity," which may be taken as the ground of the decision in *Thorogood* v. *Bryan,* and other English cases, is so vague and undefined, as applied to circumstances such as are here presented, where no relation like that of master and servant or principal and agent actually exists, and where the plaintiff is not only without fault, so far as appears, but without authority respecting the conduct of the driver, that it is difficult to understand what is meant by it; and the explanatory remarks of Baron Pollock, *supra,* do not solve the difficulty of reconciling such a theory with the principle of law which

affords a remedy to one who, being himself without fault, is injured by the wrongful act of another. It is enough to say that this theory of *identity* has little or no support in this country; that the decision in *Thorogood* v. *Bryan* has not escaped criticism in the English courts, and has been generally repudiated in America. 1 Smith, Lead. Cas. (8th Am. Ed.) 505; *The Milan*, 5 Law T. (N. S.) 590, and cases hereafter cited.

In Pennsylvania, where the English rule was followed, the court refused to adopt the reason for the law assigned in *Thorogood* v. *Bryan*, but based its decision upon the ground of public policy, (the accident occurring in a public conveyance.) *Lockhart* v. *Lichtenthaler*, 46 Pa. St. 151.

Considering, now, the other theory, we are unable to perceive how the doctrine of agency can be applied to affect the plaintiff's right of action for a wrong by which he is injured, if in fact there be no agency actually existing nor implied by law, and no authority attempted to be exercised. The agency which can thus affect the plaintiff must involve authority, actual or assumed, on the part of the plaintiff, over the conduct of the driver, and in that business wherein the driver was negligent. There can be no imputation to the plaintiff of negligence in the conduct of another which he neither authorized, nor participated in, nor had the right or power to control. We cannot accede to the proposition that the driver of a private carriage becomes, *pro hac vice*, an agent of the person riding with him, in any such sense as to make the negligence of the former, in legal contemplation, the negligence of the latter. In the language of Baron Pollock, *supra*, "that would sound like a strange proposition, which cannot be entirely sustained." In this case nothing is shown to "identify" the plaintiff with Kiefer, or to afford support for any theory of agency, except the fact that the plaintiff rode in his carriage at his invitation.

The same question here presented arose in *Robinson* v. *New York, etc., R. Co.*, 66 N. Y. 11, in which, in a well-considered opinion, it was held that the passenger in the buggy of another person was not affected by the negligence of the latter.

Again, in *Dyer* v. *Erie Ry. Co.*, 71 N. Y. 228, in a like case, the

same court, denying the existence of a relation of agency under such circumstances, held the negligence of the driver no bar to an action against the other wrong-doer. To the same effect is *Masterson* v. *New York, etc., R. Co.,* 84 N. Y. 247.

In a late case in the supreme court of the United States, (*Little* v. *Hackett,* 116 U. S. 366; 6 Sup. Ct. Rep. 391,) the plaintiff, riding.in a hired hack, was injured by the concurrent negligence of the driver and of the defendant. The question was considered as turning upon the fact as to whether the driver was the servant of the passenger, and, this not being deemed to be the case, it was held that the negligence of the driver was not imputable to the plaintiff, so as to affect his right of action against the defendant. The doctrine of *Thorogood* v. *Bryan* is decided to be indefensible.

*Bennett* v. *New Jersey, etc., Co.,* 36 N. J. Law, 225, was a case of injury suffered by a passenger in a horse-car from the concurrent negligence of the driver and of the defendant. This was held not to bar a recovery. The substance of the reasoning of the court was that the right to control the conduct of the agent is the foundation of the doctrine that the master is affected by the negligent acts of his servant; that, in reality, there was no agency, and none could be imputed upon the theory of identity. See, also, *New York, etc., R. Co.* v. *Steinbrenner,* in the same state, 47 N. J. Law, 161, where the plaintiff was a passenger in a hired hack.

In *Cuddy* v. *Horn,* 46 Mich. 596, (10 N. W. Rep. 32,) the plaintiff's intestate was one of a number of boys whom a clergyman was taking on an excursion in a steam yacht, which he had chartered for the purpose. The boy was killed in a collision with another vessel, through the negligence of those in charge of both vessels. The action was against the owners of both vessels. The point that the boy was so identified with those in charge of the yacht in which he was that his rights were affected by their negligence is disposed of by the court by alluding to the fact that neither the boy nor the clergyman had any authority respecting the management of the vessel; the court saying: "Where a person can rightfully have no voice or control, he cannot be held so identified with those in charge as to be considered a party to their negligence." It was further said:

"The reason for holding a person riding in a private conveyance identified with the driver thereof, and therefore affected by the negligence of the latter, cannot fairly or justly be held applicable in cases like the present. In the case of a private conveyance, the driver is under the control and directions of the passenger, and, if not, the latter may well decline to intrust his safety further in such conveyance." We here remark that the last clause recited is suggestive of a reason for holding the passenger to be himself guilty of negligence, under some circumstances,—as if he consents to ride with a person known to be reckless, or unskilful,—but it suggests to our minds no reason for imputing the negligence of the driver to the passenger if in fact he is not himself personally chargeable with any imprudence, and in fact has no authority over the driver. The reasoning of the court in this case is such as to oppose the doctrine of imputed contributory negligence where in fact the passenger has no authority or control over the driver, even though the conveyance be a private one.

In *Transfer Co.* v. *Kelly,* 36 Ohio St. 86, and *Wabash, etc., Ry. Co.* v. *Shacklet,* 105 Ill. 364, which were cases of injury to passengers in public conveyances, the doctrine of *Thorogood* v. *Bryan* was repudiated.

This case is unlike one where two or more persons unite in the joint prosecution of a common purpose, under such circumstances that each may be deemed to have authority to act for all, or so that each has a right and bears a responsibility in respect to the control of the means or agencies employed. The controlling fact here is that the plaintiff did not participate in, and had no authority respecting, the management of the vehicle; neither is there any claim that she was herself guilty of negligence. This being the case, we are unable to assign any legal principle in accordance with which the negligence of Kiefer can be imputed to her; and we think that the weight of authority in this country is opposed to it.

The order refusing a new trial must therefore be reversed.