UNION PAC. RY. CO. *v.* LAPSLEY.

*(Circuit Court of Appeals, Eighth Circuit. June 13, 1892.)*

No. 87.

IMPUTED NEGLIGENCE—PASSENGER IN PRIVATE VEHICLE.

Where a person accepts the gratuitous invitation of the owner and driver of a vehicle to ride with him, and exercises no control over such driver, the latter's negligence cannot be imputed to his guest, so as to defeat his recovery against a third person for injuries resulting from the concurring negligence of the driver and such third person. 50 Fed. Rep. 172, affirmed. *Little* v. *Hackett*, 6 Sup. Ct. Rep. 391, 116 U. S. 366, followed.

In Error to the Circuit Court of the United States for the Northern District of Iowa.

Action by James J. Lapsley, as administrator of the estate of Eliza J. Lapsley, against the Union Pacific Railroad Company, to recover damages for causing the death of his intestate. Verdict and judgment for plaintiff in the sum of $1,000. For the charge of the court to the jury, see 50 Fed. Rep. 172. Defendant brings error. Affirmed.

Statement by SANBORN, Circuit Judge:

The defendant in error, who was the plaintiff below, was the administrator of the estate of Eliza J. Lapsley, deceased, and brought this action against the Union Pacific Railway Company to recover damages for the negligent killing of the decedent. The evidence disclosed the following facts: On November 27, 1890, the decedent was living on a farm

near Dakota City, Neb., which had belonged to her father, and continued to be the homestead of the family after his death. She was 48 years of age, and was a capable woman, in good health, and accustomed to manage the affairs of the homestead. The plaintiff was her brother, and lived in the same neighborhood. They had a brother living in Sioux City, Iowa, one of whose family was ill, and decedent proposed to go to Sioux City with a younger sister to visit the sick one and do some shopping. The plaintiff informed her that he was going to that city the next day to do some business of his own, and they could wait and go with him. On the next day the plaintiff and his two sisters went to Sioux City in plaintiff's open two-seated democrat wagon, where they each attended to their respective business matters, and, after taking dinner at their brother's, started to return home. Plaintiff, who was 45 years old, sat on the front seat with the younger sister, and drove his team, while the decedent sat on the back seat of the wagon. Leech street, in Sioux City, crosses the street upon which defendant's railroad is operated; and, owing to the lay of the ground and to the buildings and other obstructions, it was impossible for one approaching the crossing on this street to see a train coming from the south for quite a distance along said street until one was close to the track. Plaintiff drove down towards the crossing on this Leech street at a slow trot, looking for trains in the usual way. No bell, whistle, or other signal was heard, and just as the team was on the track an approaching train was seen, which struck the wagon, and so seriously injured the decedent that she died in a few minutes. Both plaintiff and his sister knew the surroundings of this crossing, and they came down in the wagon without stopping to look or listen. The court below charged the jury that if the defendant was negligent in operating its railway, and that negligence was the proximate cause of the injury, the plaintiff was entitled to recover unless they found that the decedent was herself negligent in approaching the crossing, or controlled the driver as he approached the crossing and he was negligent, and such negligence contributed to the injury; but that if the decedent was herself negligent, or if she controlled the action of her brother, the driver, as he approached the crossing, and he was negligent, and such negligence contributed to the injury, plaintiff could not recover. The defendant company insisted that the negligence of the plaintiff, the driver, must be imputed to the decedent as a matter of law; but the court refused to so hold, and charged the jury upon this question that if they found as a matter of fact that the decedent had and exercised actual control or direction of the driver as he approached the crossing, and he was negligent, then his negligence must be imputed to her and she could not recover; but that, if they found she did not have or exercise such control, the negligence of the driver could not be imputed to her from the mere fact that she was riding in her brother's wagon on his invitation, and he was driving the team. This holding and charge of the court is the only error assigned in this court, and, judgment having been rendered against the defendant, it sued out this writ of error to review this portion of the charge.

J. M. Thurston, for plaintiff in error.

A. S. Wilson and S. M. Marsh, for defendant in error.

Before BREWER, Circuit Justice, and CALDWELL and SANBORN, Circuit Judges.

SANBORN, Circuit Judge, (after stating the facts.) Under the instructions of the court the jury, in arriving at their verdict, must have found that the negligence of the defendant company in failing to ring its bell, sound its whistle, or provide a flagman at this crossing was the proximate cause of the injury complained of; that the decedent was not herself guilty of any negligence that contributed to the injury; and that she neither had nor exercised any control over her brother, the driver, as he approached the crossing. The owner and driver of the team exercised entire control over it, and was traveling entirely on business of his own, —business in which the decedent had no part or interest. There is no pretense that the driver was not entirely competent to take charge of the team himself, nor that he did not possess the requisite skill to manage and control the same; so that the case sharply presents the question whether one who, while riding gratuitously in a carriage owned and driven by another, is injured by the concurrent negligence of a third person and the driver, over whom he has no control, is barred from recovering compensation for the injury from the former, by the contributory negligence of the owner and driver of the team. If he who rides in a private carriage on the invitation of the owner and driver of the team cannot recover of a third person whose careless act is the proximate cause of his injury, where the negligence of the driver contributes to that injury, it must be because the negligence of the driver is, under the law, the negligence of the guest; and, if one who rides on the invitation of the owner of a private carriage who drives his own team is so far responsible for the negligence of his host that he cannot recover of a third person for injuries caused by his negligence where the negligence of his host has contributed to the injury, it logically and necessarily follows that, if the host so negligently drives his team as to inflict injury upon a third person, the invited guest will be liable for that injury also, and an action may be maintained against him by the person injured for the damages thus sustained, since if the negligence of the host is to be imputed to the guest when he receives injury it must be imputed to him to the same extent when his host inflicts injury; but it is absurd to think that an invited guest riding in a private carriage could be held liable for the injuries inflicted on a third person by the careless driving of the owner of the carriage and team; and the absurdity of this conclusion argues with almost compelling force that the negligence of such a driver cannot be imputed to the guest so as to bar his recovery when the third person inflicts, instead of receives, the injury. That the negligence of a servant, acting under the direction and eye of the master, may be imputed to the latter, that under some circumstances the negligence of a parent may be imputed to a child, or the negligence of a guardian to his ward, may be conceded. In cases of this class, and indeed in all cases where this doc-

trine of imputation of negligence may properly be applied, the relation of master and servant or principal and agent exists, and the doctrine rests on the maxim, *qui facit per alium facit per se.* The servant acts for and by the direction of his master, the parent for the child of tender years. the guardian for his ward. Hence, in the eye of the law, the act and negligence of the servant are the act and negligence of the master; the act and negligence of the parent and guardian the act and negligence of the child or ward. But, where the owner and driver of a team and carriage invites another to ride in his carriage, no relation of principal and agent is created; no relation of master and servant is established; the owner and driver of the team is not controlled by and is not in any sense the agent of the invited guest; and to hold him responsible for the negligence of the former, by whose permission alone he rides, is unauthorized by the law and repugnant to reason. That he who suffers injury from another's negligence may recover compensation of the wrongdoer is a principle founded in natural justice and sustained by every precedent. That where the negligence of the person injured has contributed to the injury he cannot so recover, because it is impracticable in the administration of justice to divide and apportion the compensation in proportion to the varying degrees of concurring negligence, is equally well settled. But that he whose wrongful act or omission has caused the injury and damage, and who upon every consideration of justice and reason ought to make compensation for it, shall be permitted to escape because a third person, over whom the injured person had no control, and whose only relation to him was that of a guest to his host, has been guilty of negligence that contributed to the injury, is neither just nor reasonable. According to the verdict of this jury, a loss of $1,000 was entailed upon the decedent by the negligence of this defendant. The defendant's wrongful omission was the proximate cause of this damage. The decedent in no way caused or contributed, by any act or omission of hers, to this injury. She had no control over her brother, the driver, who may have contributed by his carelessness to the damage. Upon what principle, now, can it be justly said that the decedent must bear all this loss when she neither caused, was responsible for, nor could have prevented it, because this third person assisted to cause the injury, the proximate cause of which was the wrongful act of the defendant company? If there exists in the realm of jurisprudence any sound principle upon which so unrighteous a punishment of the innocent and the discharge of the guilty may be based, we have been unable to discover it.

It is true that it was held in 1849 in *Thorogood* v. *Bryan,* 8 C. B. 115, that a passenger in an omnibus, who was injured by the joint negligence of the driver of another public conveyance and the driver of the omnibus in which he was riding, was barred from recovering in an action against the proprietor of the former conveyance which collided with the omnibus in which he was riding by the contributory negligence of the driver of the omnibus, that the negligence of the driver was the negligence of the passenger, and that by selecting and entering the omnibus he became identified with the driver; and it is equally true that similar

decisions founded upon this case had been rendered in England and in some of the states prior to the year 1886. In the year 1886 the reasoning found in the opinions rendered in that case was conclusively refuted, and the decision itself repudiated by the supreme court of the United States in an exhaustive opinion delivered by Mr. Justice FIELD in *Little* v. *Hackett*, 116 U. S. 366, 6 Sup. Ct. Rep. 391; and the convincing logic of the distinguished jurist who delivered that opinion, and his exhaustive review of the authorities, have settled the law in this country upon this subject, and seem to have convinced the learned judges of the court of appeals in England that the rule in *Thorogood* v. *Bryan* was erroneous; for in 1887, in *The Bernina*, 12 Prob. Div. 58, in exhaustive opinions in which the authorities are again carefully reviewed, they expressly disapproved the reasoning and overruled the decision in that case. With the single exception of the supreme court of the state of Wisconsin, which had become committed to the doctrine of *Thorogood* v. *Bryan*, prior to 1886, the state courts have uniformly held that one who, while riding in the private carriage of another at his invitation, is injured by the negligence of a third party, may recover against the latter, notwithstanding the negligence of the owner of the carriage in driving his team may have contributed to the injury, where the person injured is without fault and has no authority over the driver. *Follman* v. *City of Mankato*, 35 Minn. 522, 29 N. W. Rep. 317; *Borough of Carlisle* v. *Brisbane*, 113 Pa. St. 544, 6 Atl. Rep. 372; *Robinson* v. *Railroad Co.*, 66 N. Y. 11; *Dyer* v. *Railroad Co.*, 71 N. Y. 228; *Masterson* v. *Railroad Co.*, 84 N. Y. 247; *Cuddy* v. *Horn*, 46 Mich. 596, 10 N. W. Rep. 32; *Transfer Co.* v. *Kelly*, 36 Ohio St. 87; *Railway Co.* v. *Eadie*, 43 Ohio St. 91, 1 N. E. Rep. 519; *Bennett* v. *New Jersey R. & T. Co.*, 36 N. J. Law, 225; *Railroad Co.* v. *Steinbrenner*, 47 N. J. Law, 161; *Railway Co.* v. *Shacklet*, 105 Ill. 364.

This rule is established by authority, commends itself to the reason, was properly and carefully given to the jury for their guidance by the learned judge below, and the judgment below is affirmed.