MARY LAMMERS v. GREAT NORTHERN RAILWAY COMPANY.[1]

January 2, 1901.

Nos. 12,398—(62).

### Railway—Accident at Crossing—Contributory Negligence.

In a personal injury case arising out of a collision at a street crossing between one of defendant's passenger trains and a pair of horses attached to a wagon in which plaintiff was riding, her husband being the driver and in control of the horses, it is *held* that, on the question of the negligence of defendant's servants in running the train at an excessive rate of speed, a case was made for the jury, and that the court did not err in its charge upon this point. It is also *held* that the case was for the jury upon the question of plaintiff's contributory negligence.

### Reduction of Verdict.

*Held*, that the damages awarded—$4,000—are excessive, and must be reduced to $2,500.

Action in the district court for Stearns county to recover $10,-000 damages for personal injuries. The case was tried before Searle, J., and a jury, which rendered a verdict in favor of plaintiff for $4,000. From an order denying a motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed on condition.

*C. Wellington*, for appellant.

*Calhoun & Bennett*, for respondent.

COLLINS, J.

This action was brought to recover for personal injuries alleged to have been sustained by the plaintiff through the negligence of the defendant, the particular negligence complained of being the careless and reckless running of a passenger train at an excessive rate of speed, without warning of the coming thereof by ringing the bell or blowing the whistle, as the train approached a street crossing in the village of Sauk Center.

The crossing was in the outskirts on the south side of the village, and there were no buildings near the track to obstruct the

[1] Reported in 84 N. W. 728.

view. The station at which the train always stopped was about twelve hundred feet northwest of the street crossing. The plaintiff's husband was driving a pair of horses attached to a common lumber wagon, on the seat of which he sat, with the plaintiff, her two small children and a young lady. It was about noon, rather cold, and plaintiff's head was wrapped up in a shawl, which also covered one of the children carried in her arms. The train was running northwest, and the team was being driven north. The locality and the time of the arrival of the trains were well known to the plaintiff and to her husband, and the train in question was a few minutes behind time. It was in plain sight, and could have been seen by the occupants of the wagon had they looked to the right as they rode north, for over fifteen hundred feet east of the crossing. The husband sat on the extreme right of the seat, nearest the approaching train. The horses were driven onto the track, a collision occurred, the wagon was caught by the locomotive, the running gear thrown or carried about eighty feet while the wagon box was overturned onto the pilot, and when the locomotive was stopped the occupants of the wagon all lay upon the pilot, partly covered by the wagon box. But one person was killed,—the young lady. Plaintiff's husband was not seriously injured, and the children escaped unhurt.

It was testified to by a number of eyewitnesses, and plaintiff's husband did not unqualifiedly deny, that he attempted to run his team across the track in front of the rapidly running train; and his negligence, gross, if not positively criminal, seems to be obvious. At the close of the testimony defendant moved the court to direct a verdict in its favor, for reasons specially mentioned, which motion was denied. A single exception was taken to the charge, which will be referred to later. The verdict was in favor of plaintiff for the sum of $4,000. On a duly-settled case the defendant made the blended motion for judgment notwithstanding the verdict and, in default thereof, for a new trial, upon several grounds set forth in the moving papers. The motion was wholly denied; and defendant appealed.

The instruction of the court above referred to was in the following language:

"But if you find, from the testimony in the case, that the defendant was guilty of negligence in failing to give the usual signals, or in running its train at an excessive rate of speed, and you further find from the facts that the plaintiff was not guilty of contributory negligence, then plaintiff is entitled to recover such damages as she has sustained by reason of the accident."

Defendant's counsel excepted to that part of the charge which submitted to the jury the question as to the speed of the train as constituting negligence, it being claimed that there was not a word of evidence in the case tending to show that the train was run at an excessive rate of speed, or tending to prove that fact. We cannot agree with counsel on this point, for several of plaintiff's witnesses estimated the speed of the train; all saying that it was running faster than usual. One of them—accustomed to riding on the train in question—testified that it was going so rapidly at that point that she, then a passenger, became afraid that there was something wrong. We are of the opinion that the rate of speed of the train as it approached the crossing was for the jury, and that the evidence fully justified the court in submitting to the jury the question of defendant's negligence in so far as the speed of the train was involved.

It was contended upon the argument that the plaintiff was guilty of contributory negligence, and for this reason the verdict should not be sustained. The law in this state is that the burden is on a defendant to establish contributory negligence on the part of a plaintiff. It is not presumed under any circumstances, and this rule governs here, notwithstanding the peculiar surroundings at the time of this accident. And for the purposes of this case we assume, as has been indicated by what has already been said, that the husband was exceedingly negligent in failing to look and listen before attempting to cross the railroad track. But under the well-settled rule in this state his negligence was not imputable to his wife, this plaintiff, as a matter of law. Finley v. Chicago, M. & St. P. Ry. Co., 71 Minn. 471, 74 N. W. 174. She was riding in the wagon with him. The team was under his management, and she had no control over him in that management, so far as the evidence shows. He was not her servant, and they

were not engaged in a joint enterprise; and, taking the best possible view for defendant of the facts, the inquiry whether she was guilty of contributory negligence in failing herself to look and listen, or to observe that her husband was not using due care to look and listen, if such was the fact, was for the jury.

It is possible that, if this question had been specially submitted, the jury might have found that plaintiff was guilty of contributory negligence. Certainly the failure on her part, when testifying, to remember what occurred—what she saw, or heard, or did— as the team was driven towards the crossing, would justify a belief that she was not frank or candid in her story. But the attention of the jury was not drawn to this particular point by any request for instructions as to her own failure to be prudent. In all fairness to the court below, and to the plaintiff herself, this should have been done, if there was any merit in the contention that she should not be allowed to recover because of her own failure to look and listen at this well-known place of danger. But, taking the undisputed facts that her husband was driving; that he sat upon the right, between her and the approaching train; that her head was covered up by the shawl; that she carried a babe, six months old, in her arms; that she had another child, two years old, to look after; and that on the side track at the station, about twelve hundred feet distant, stood another passenger train east bound, which might have attracted her attention,—we ought not to say as a matter of law that the question of plaintiff's negligence was not for the jury.

We are of the opinion that the damages awarded are excessive. No bones were broken, remarkable as it may seem; nor does it appear that the plaintiff was permanently disabled. Her shoulder was dislocated; she received a cut on the ear, which temporarily affected her hearing; and she was constantly confined to her bed for about four weeks. But she has had no need for medical treatment since, although in bed a portion of the month immediately following the four weeks above mentioned. It is not a case for a large award. We are of the opinion that the damages must be materially reduced, or that a new trial should be had.

If, within ten days after notice of this decision, the plaintiff consents to a reduction of the verdict to the sum of $2,500, and in writing notifies defendant's counsel of such consent, the order appealed from will stand affirmed; otherwise, it will stand reversed, with a new trial granted.