MARY J. TEAL v. ST. PAUL CITY RAILWAY COMPANY.[1]

December 8, 1905.

Nos. 14,477—(115).

**Negligence.**

Action to recover for personal injuries sustained by a collision between the defendant's street car and the sleigh of the plaintiff's husband, in which she was riding and which was drawn by a horse owned and driven by him. *Held*:

1. The evidence justified the trial court in submitting to the jury the question of the wilful negligence of the defendant, and the court's charge to the jury as to such question, considered as a whole, was free from error.

2. The court did not err in its charge as to the alleged failure of the defendant to sound its gong.

3. The evidence does not show that the plaintiff was guilty of contributory negligence as a matter of law.

Action in the district court for Ramsey county to recover $5,000 for personal injuries. The case was tried before Bunn, J., and a jury, which rendered a verdict in favor of plaintiff for $575. From an order denying a motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*Munn & Thygeson*, for appellant.

*H. A. Loughran* and *John D. O'Brien*, for respondent.

START, C. J.

On the afternoon of January 16, 1905, at about two o'clock, the plaintiff was riding with her husband upon his invitation in a sleigh drawn by a horse owned by him, which he was driving in an easterly direction along Minnehaha street in the city of St. Paul. While he was attempting to cross East Seventh street near the intersection of Minnehaha and Mendota streets the sleigh was struck by a car of the defendant going easterly on Seventh street, whereby the plaintiff was thrown from the sleigh and injured. This action was brought to recover damages for such injury on the ground that the defendant negligently ran the car over the crossing at a dangerous rate of speed without sounding the

[1] Reported in 104 N. W. 945.

bell or gong, and, further, that the motoneer in charge of the car was guilty of wilful negligence. The jury returned a verdict for the plaintiff in the sum of $575, and the defendant appealed from an order denying its motion for judgment notwithstanding the verdict or for a new trial. We consider only the assignments of error urged in the defendant's brief.

1. The first assignment of error urged is that the trial court erred in submitting to the jury the question of wilful negligence, for the reason that there was no evidence to sustain a finding for the plaintiff on such issue. The contention of the defendant is that the motoneer did not discover that the persons in the sleigh were in peril until the sleigh was driven upon the tracks, when he did all in his power to avoid the collision. The evidence on this issue was in our opinion sufficient to make the question whether the motoneer, after he discovered the plaintiff in a position of danger, used ordinary care to prevent the collision one of fact; hence the evidence justified the submission of the issue to the jury.

It is further claimed in this connection that the court erred in instructing the jury to the effect that the duty of the motoneer, after he discovered the plaintiff in a position of danger, or after he knew or ought to have known that she would be struck by the car if he did not stop the car, was to use ordinary care to avoid the accident—that is, to stop the car; and if he failed to do so he would be guilty of wilful negligence. It may be conceded that, if this was all the trial court said to the jury upon the subject of so-called wilful negligence, it would have been error. Fonda v. St. Paul City Ry. Co., 71 Minn. 438, 74 N. W. 166; Alger, Smith & Co. v. Duluth-Superior Traction Co., 93 Minn. 314, 101 N. W. 298. But the part of the charge excepted to was not all that was said upon the subject. The distinction between ordinary negligence, which is not actionable if the negligence of the injured party directly contributes to the result, and wilful negligence, whereby liability is incurred irrespective of the contributory negligence of the injured party, was clearly submitted to the jury. The jury, after the case had been submitted to them, came into court for further instructions, and the distinction was again pointed out, and the trial court then said to the jury:

> Wilful negligence is simply and solely this: First, you must find that the motoneer actually saw the plaintiff in a position of danger. Now, wilful negligence is, after that, that he did not use reasonable care to avoid the accident.

The charge, considered as a whole, was correct, and the jury could not have been misled by the detached part of the charge which is made a basis of the assignment of error.

2. The court instructed the jury that:

> And so the ringing of the bell or gong in this case is only material in case it does not appear from the evidence that Teal knew the car was approaching and that it might strike him in case he attempted to make the crossing.

The defendant urges that this was error because it conclusively appears from the evidence that the plaintiff and her husband each saw the approaching car; hence the instruction would naturally lead the jury to infer that the evidence might or would justify them in finding the defendant guilty of negligence because the gong was not rung. It is true that the plaintiff and her husband saw the car when it was half a block from the crossing; but this is not all they testified to in this connection. The plaintiff testified that she had a sleeping baby in her arms at the time, that as the horse neared the crossing a boy jumped on the side of the sleigh and her husband turned and told him to get off, that she then looked up and saw the car half a block from the crossing, the horse was near the first car track, and, thinking that there was plenty of time to get over without danger, she turned to look at her baby and paid no more attention to the car. This evidence indicates that the attention of the plaintiff and her husband was diverted after they saw the car, and it was a question for the jury whether the sounding of the gong at this critical time would have warned them of their peril. For this reason the instruction complained of was properly submitted.

3. The last alleged error urged is that the evidence shows that the plaintiff was guilty of contributory negligence as a matter of law. This claim is based upon the plaintiff's testimony to the effect that she saw the coming car at the time her husband was trying to get the boy off

the side of the sleigh, but she did not tell her husband, because she did not think there was any danger. The negligence of the husband, if any, cannot be imputed to her. Finley v. Chicago, M. & St. P. Ry. Co., 71 Minn. 471, 74 N. W. 174. Now, taking the most favorable view of the evidence for the defendant, the question of the plaintiff's contributory negligence was at most a question of fact for the jury. Johnson v. St. Paul City Ry. Co., 67 Minn. 260, 69 N. W. 900; Lammers v. Great Northern Ry. Co., 82 Minn. 120, 84 N. W. 728.

We find no reversible error in the record.

Order affirmed.