# DAVID CARNEGIE v. GREAT NORTHERN RAILWAY COMPANY.[1]

December 18, 1914.

Nos. 18,901—(133).

**Railroad crossing — negligence of passenger in automobile.**
    The negligence of a driver of a vehicle is not imputed to a passenger rid-
ing therein; nevertheless the passenger is required to exercise reasonable
care for his own safety. To charge him conclusively with contributory neg-
ligence, when about to cross a railroad track, in failing to see an approach-
ing train, something more than ability to see the train and failure to look
must be shown. In general a mere gratuitous passenger should not be
found guilty of contributory negligence as a matter of law, unless he in
some way actively participates in the negligence of the driver, or is aware
that the driver is incompetent or careless or unmindful of some danger known
to or apparent to the passenger, or is not taking proper precaution, and,
being so aware, fails to warn or admonish the driver or to take proper steps
to preserve his own safety. Contributory negligence in this case *held* a ques-
tion of fact for the jury.

Action in the district court for Marshall county by the administra-
tor of the estate of Clem William Carnegie, deceased, to recover
$7,500 for the death of his intestate. The case was tried before
Grindeland, J., and a jury which returned a verdict in favor of
plaintiff for $2,500. From an order denying defendant's motion
for judgment notwithstanding the verdict or for a new trial, it
appealed. Affirmed.

*M. L. Countryman* and *A. L. Janes,* for appellant.
*Julius J. Olson, Charles Loring* and *G. A. Youngquist,* for re-
spondent.

1 Reported in 150 N. W. 164.

Note.—The question of imputing the negligence of a driver to a passenger is
discussed in an extensive note in 8 L.R.A.(N.S.) 597.

HALLAM, J.

Clem Carnegie, a boy 17 years old, was instantly killed by collision with one of defendant's engines. He was at the time riding in an automobile driven by one Arthur Rost, a boy about the same age. It is conceded that there is sufficient proof that defendant was negligent in the operation of its engine. The only claim made on this appeal is that deceased was guilty of contributory negligence.

The accident happened at a prominent crossing in the village of Stephen, a place of about 700 inhabitants. Rost testified that, as he approached the track, and before he reached a little building called the "land office," about 120 feet from the track, he looked in the direction from which the engine was approaching, but did not see it. He admits that he neither looked nor listened after passing the land office. It is quite clear also that deceased did not look.

Rost, the driver of the car, was undoubtedly guilty of contributory negligence in approaching the tracks without looking or listening for a train. Whether deceased, a mere passenger, was negligent, is a different question. His conduct is measured by quite a different standard. We are of the opinion that, under the facts of this case, and the law as settled by previous decisions of this court, the question of the negligence of deceased was properly submitted to the jury. The engine came through town without stopping, at a speed admitted to be 25 miles an hour. The jury could well find that it was going much faster. They might also find that the bell was not rung. The engine was running on no schedule and the time was not near that of any regular train. Rost had just acquired this machine. It was an antiquated, one-cylinder runabout, a chain drive, noisy, slow moving, curious looking and emitting smoke. It attracted the attention of the boys of the town and they followed, annoying the driver by taking hold of the car, and interfering with the running gear some of which was exposed. The witnesses are not agreed as to how far the boys continued to follow the machine; one witness testified to seeing them about it after it passed a side track, which was within 60 feet of the main track upon which the collision occurred. The attention of the deceased was diverted in some measure by these boyish pranks, and his efforts were directed

in some measure toward keeping the boys away from the car. Rost was accustomed to drive an auto, was familiar with the tracks and the trains running thereon, and it nowhere appears that deceased in fact knew that Rost was not on the look-out. Rost was not the agent or servant of deceased. They were engaged in no joint enterprise. Deceased was simply taking a gratuitous ride in the automobile at the invitation of Rost, who was in no manner under his control.

Cases involving the principles here presented have been of frequent occurrence in this state. From among a larger number, we cite the following: Howe v. Minneapolis, St. P. & S. S. M. Ry. Co. 62 Minn. 71, 64 N. W. 102, 30 L.R.A. 684, 54 Am. St. 616; Wosika v. St. Paul City Ry. Co. 80 Minn. 364, 83 N. W. 386; Lammers v. Great Northern Ry. Co. 82 Minn. 120, 84 N. W. 728; Teal v. St. Paul City Ry. Co. 96 Minn. 379, 104 N. W. 945; Liabraaten v. Minneapolis, St. P. & S. S. M. Ry. Co. 105 Minn. 207, 117 N. W. 423, 15 Ann. Cas. 1147. See, also, Pyle v. Clark, 75 Fed. 644; Pyle v. Clark, 79 Fed. 744, 25 C. C. A. 190; Wood v. Maine Cent. R. Co. 101 Me. 469, 64 Atl. 833. The rule well established by these cases is in substance as follows: The negligence of the driver of a vehicle is not imputed to a mere passenger riding therein. Nevertheless a passenger is required to exercise a proper degree of care for his own safety, and any negligence on his part that contributes to his injury is fatal to his right to recover. He is obliged to exercise such care as a reasonably prudent person would, when riding with another under similar circumstances. A person of ordinary prudence riding with another, upon his invitation, will naturally put a certain trust in his judgment, and will rely in some measure on the assumption that he will use care to avoid the ordinary dangers of the road. In order to conclusively charge a mere passenger with contributory negligence in failing to see an approaching train, something more than ability to see and a failure to look must be shown. His failure to look is evidence to be considered on the question of his negligence, but it is not conclusive against him. In general, the primary duty of caring for the safety of the vehicle and its passengers rests upon the driver, and a mere gratuitous pas-

senger should not be found guilty of contributory negligence as a matter of law, unless he in some way actively participates in the negligence of the driver, or is aware either that the driver is incompetent or careless or unmindful of some danger known to or apparent to the passenger, or that the driver is not taking proper precautions in approaching a place of danger, and being so aware, fails to warn or admonish the driver, or to take proper steps to preserve his own safety.

Applying these principles to this case, it must be held that the court was right in submitting the question of contributory negligence to the jury, and the order appealed from is affirmed.