ARNOLD KALLAND v. CITY OF BRAINERD.[1]

November 22, 1918.

No. 20,987.

**Imputed negligence — driver of automobile.**

1. The negligence of the driver of an automobile hired by the plaintiff, who rode in it but neither had nor assumed control, is not imputed to him.

**Same — contributory negligence.**

2. An instruction requested by the defendant that the negligence of the driver is not imputed to a passenger "unless he had authority to control or was charged with a duty to control such driver, or had reason to suspect a want of care or skill on the part of such driver," was properly refused. The personal negligence of the passenger contributing to his injury bars a recovery, but such negligence is distinct from the negligence of another imputed to the passenger because of agency or relationship.

**Injury to apprentice — evidence of journeyman's wages admissible.**

3. The plaintiff was an apprenticed bricklayer. His apprenticeship would expire six months after his injury. It was not error to permit proof of the wages of a journeyman bricklayer in the community as bearing on damages.

Action in the district court for Crow Wing county to recover $30,000 for injuries received when riding in an automobile upon one of the streets in defendant city. The case was tried before Stanton, J., and a jury which returned a verdict for $10,000. From an order denying its motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*W. H. Crowell,* City Attorney, for appellant.

*M. E. Ryan,* for respondent.

DIBELL, J.

The plaintiff, a passenger in a hired automobile, was injured because of a defect in a street of the defendant city. He had a verdict and the city appeals from an order denying its alternative motion for judgment

[1]Reported in 169 N. W. 475.

or a new trial. There is no question of the sufficiency of the evidence to sustain a finding that the city was negligent.

1. The plaintiff hired an automobile to take him and some companions a few miles out of Brainerd. He had no right of control over the movements of the automobile, nor did he assume any, nor were he and the driver engaged in a joint undertaking. Under our holdings and under the nearly universal holdings elsewhere the negligence of the driver under such circumstances is not imputed to the plaintiff. The doctrine is fully discussed in Follman v. City of Mankato, 35 Minn. 522, 29 N. W. 317, 59 Am. Rep. 340, and Cotton v. Willmar & S. F. Ry. Co. 99 Minn. 366, 109 N. W. 835, 8 L.R.A.(N.S.) 643, 116 Am. St. 422, 9 Ann. Cas. 935. And see Dunnell, Minn. Dig. & 1916 Supp. § 7037, et seq.; note 8 L.R.A.(N.S.) 597-677; note L.R.A. 1915A, 761, 765. The court rightly charged that the negligence of the driver was not imputed to the plaintiff.

2. The defendant requested an instruction to the effect that the negligence of a driver is not imputed to a passenger "unless he had authority to control or was charged with the duty to control such driver, or had reason to suspect a want of care or skill on the part of such driver."

Though the negligence of the driver is not imputed to the passenger the personal negligence of the latter contributing to his injury bars a recovery. This question is considered in some of our recent cases. Christison v. St. Paul City Ry. Co. 138 Minn. 456, 165 N. W. 273; McDonald v. Mesaba Ry. Co. 137 Minn. 275, 163 N. W. 298; Carnegie v. Great Northern Ry. Co. 128 Minn. 14, 150 N. W. 164.

Some confusion arises because of a failure to distinguish always between negligence which is imputed and the personal negligence of the passenger. The distinction is obvious. The imputation of negligence comes because of agency or relationship and there need be no fault on the part of the one to whom negligence is imputed. The negligence of the passenger which prevents recovery is his own negligence which contributes to his injury.

The refusal to give the requested instruction was right. There was no evidence that the plaintiff had authority to control the driver. He was not charged with the duty of control. There is no evidence that he had reason to suspect a want of care or skill on the part of the driver; and

if he had had knowledge of want of care in the driver his knowledge would have borne upon contributory negligence rather than upon the imputation of negligence.

Counsel for the city cites Cunningham v. City of Thief River Falls, 84 Minn. 21, 86 N. W. 763, and Carnegie v. Great Northern Ry. Co. 128 Minn. 14, 150 N. W. 164, in support of the instruction. In both the effect of knowledge in the passenger of incompetency or carelessness in the driver is considered upon the question of his contributory negligence and is conceded to have a bearing; but in neither is it held to bear upon the question of imputed negligence. Neither case sustains the instruction asked.

The court left the question of contributory negligence to the jury and it did not find its existence. It is very doubtful whether a finding of such negligence could be sustained. It is not important upon this appeal for it was not found.

3. The plaintiff was an apprenticed bricklayer. His apprenticeship was to expire within six months after the accident. He was allowed to show the wages of a journeyman bricklayer in the community. It is claimed that this was error because the damages thus sought to be proved were remote and speculative.

Reliance is placed by the city upon Central Foundry Co. v. Bennett, 144 Ala. 184, 39 South. 574, 1 L.R.A.(N.S.) 1150, 113 Am. St. 32. There the period of apprenticeship was three years and the apprentice had served only six or seven weeks. It was held that the wages of a journeyman could not be shown. A similar holding was made in Ohio Valley Trust Co. v. Wernke, 42 Ind. App. 326, 84 N. E. 999. There the period of apprenticeship would have expired in two years. There are other cases somewhat similar in principle but variant in their facts. See Note 1 L.R.A.(N.S.) 1150. The difference between the two cases cited and the one at bar should be noted. Here the plaintiff had but a few months more of apprenticeship. It was not error to let evidence of the wages of a journeyman go to the jury. We do not say that it would have been error to exclude it. The practical objection to such evidence is that it invites new issues, and may confuse the jury, and tends to prolong the trial. At the best it is only of indirect value in determining damages. To some extent the question of its admission is a practical one for

the trial court. We do not adopt so narrow a rule, though there may be authority for it, as would result in holding it error to receive such evidence under the facts as we have stated them.

Order affirmed.