# CLARA W. LUNDH v. GREAT NORTHERN RAILWAY COMPANY.[1]

November 20, 1925.

No. 24,890.

**Negligence of driver not imputable to guest or passenger.**

The negligence of the driver of an auto is not imputed to his guest or passenger; and whether the plaintiff's intestate, who was killed at a railroad crossing while riding as a guest or passenger, was negligent, was for the jury.

See Motor Vehicles, 28 Cyc. p. 38; Negligence 29 Cyc. pp. 549, 550; Railroads 33 Cyc. pp. 1015, 1016, 1017, 1121.

---

See note in L. R. A. 1915B, 953.

See notes in 18 A. L. R. 309; 22 A. L. R. 1294; 2 R. C. L. p. 1207; 1 R. C. L. Supp. p. 743; 4 R. C. L. Supp. p. 159; 5 R. C. L. Supp. p. 149.

Action in the district court for St. Louis county. The case was tried before Hughes, J., and a jury which returned a verdict in favor of plaintiff. Defendant appealed from an order denying its motion for judgment notwithstanding the verdict or for a new trial. Affirmed.

*F. G. Dorety, A. L. Janes* and *Baldwin, Baldwin, Holmes & Mayall,* for appellant.

*Victor E. Essling* and *Boyle & Montague,* for respondent.

DIBELL, J.

Action to recover for the death of plaintiff's intestate who was killed in a collision between an auto in which he was riding and a train of the defendant. There was a verdict for the plaintiff. The defendant appeals from an order denying its alternative motion for judgment or a new trial.

[1] Reported in 206 N. W. 43.

There was evidence from which the jury could find negligence in the defendant. There was no error in the general charge nor in the refusal of the court to give instructions requested by the defendant. Nothing requires discussion except the defendant's contention that the deceased was negligent as a matter of law.

The deceased was a guest or passenger of Maki, who was driving. The auto was going southerly on Second avenue, a considerably traveled street in Brooklyn, a subdivision of Hibbing. The defendant's track crosses the avenue diagonally. The angle north of the track at the right of one going south is greater than a right angle and that to the left correspondingly less. The train was approaching from the west, or the right of the auto as it was going south. The crossing is more dangerous, as remarked by the trial court in its memorandum, when a train is approaching from the east, because of the difficulty of seeing in that direction. As the auto approached the tracks the decedent looked to the west, saw nothing, and then looked east. He was not in control of the car. He could not accelerate or slacken its speed. The law does not absolve him from the exercise of care; but he is not charged with the same active duty of diligence that is imposed upon the driver with whom safety at crossings largely rests.

The negligence of the driver of a vehicle is not imputed to a passenger, though the latter is not relieved of care for his safety. This is the long-established doctrine of this court. Follman v. City of Mankato, 35 Minn. 522, 29 N. W. 317, 59 Am. Rep. 340; Howe v. M. St. P. & S. S. M. Ry. Co. 62 Minn. 71, 64 N. W. 102, 30 L. R. A. 685, 54 Am. St. 616; Liabraaten v. M. St. P. & S. S. M. Ry. Co. 105 Minn. 207, 117 N. W. 423, 15 Ann. Cas. 1147; Carnegie v. G. N. Ry. Co. 128 Minn. 14, 150 N. W. 164; Zenner v. G. N. Ry. Co. 135 Minn. 37, 159 N. W. 1087; Kokesh v. Price, 136 Minn. 304, 161 N. W. 715, 23 A. L. R. 643; Kalland v. City of Brainerd, 141 Minn. 119, 169 N. W. 475; Praught v. G. N. Ry. Co. 144 Minn. 309, 175 N. W. 998; Hollister v. Hines, 150 Minn. 185, 184 N. W. 856; Moody v. C. N. Ry. Co. 156 Minn. 211, 194 N. W. 639; Molden v. M. St. P. & S. S. M. Ry. Co. 160 Minn. 471, 200 N. W. 740.

The defendant urges that the case last cited changes the rule as to the measure of care required of a passenger so far as to charge him with negligence if having the opportunity to look and see an approaching train he does not; and to render inapplicable the holding of earlier cases, epitomized in the Carnegie case, that to "conclusively charge a mere passenger with contributory negligence in failing to see an approaching train, something more than ability to see and a failure to look must be shown." We do not think that to be the effect of the Molden case. There the passenger who was killed had timely notice of the approach of the train—saw it coming; and the question, so far as any issue in this case is concerned, was whether after seeing it he was negligent.

The deceased assumed to keep some lookout for a train from either direction. When he looked to the west he saw none. It does not appear conclusively that the train was then in sight. He was justified in assuming, within reasonable limits, that Maki, who controlled the car, would not be negligent when he came into the zone of immediate danger. The question of plaintiff's contributory negligence was for the jury.

Order affirmed.