## JAMES MANOS v. ST. PAUL CITY RAILWAY COMPANY.[1]

January 20, 1928.

No. 26,415.

**Negligence of motor driver not imputable to his guest passenger.**

[1] Negligence of an automobile driver is not imputable to his guest riding with him.

**When verdict should be directed.**

[2] It is the right and duty of the trial court to direct a verdict when the state of the evidence is such as not to warrant a verdict for a party and if a verdict were rendered the other party would be entitled to a new trial.

Street Railroads, 36 Cyc. p. 1560 n. 74; p. 1611 n. 65.
Trial, 38 Cyc. p. 1570 n. 14.

See note in 28 A. L. R. 217; 46 A. L. R. 1000; 5 R. C. L. Supp. 144.

Action in the district court for Ramsey county to recover damages for personal injuries. A verdict was directed for defendant, and plaintiff appealed from an order, Hanft, J. denying his motion for a new trial. Reversed.

*Peter E. Kamuchey,* for appellant.
*C. J. Menz,* for respondent.

WILSON, C. J.

Appeal from an order denying plaintiff's motion for a new trial.

Plaintiff was riding in an automobile as the guest of the owner and driver thereof. Its line of travel was to the west and across a north and south street upon which were defendant's tracks. There was a collision between the automobile and a southbound street car. Plaintiff sued to recover for alleged injuries.

The following is plaintiff's version of the accident: The automobile came to a stop at the curb line of the cross street. The street car was then one-half to three-fourths of a block to the north traveling 20 to 25 miles per hour. The automobile was put in low

[1]Reported in 217 N. W. 377.

gear and proceeded at two to four miles per hour. A northbound street car stopped at the south curb line. When the automobile was near the second track the driver and plaintiff saw the southbound street car so near to them that the driver turned the automobile to the left, but the collision was not thereby avoided. The two men in the automobile say that the street car hit the automobile. Their power of description is limited because they speak our language poorly.

If the two vehicles were located and traveling as the men in the automobile state, the jury could have concluded that the driver of the automobile had a right to assume that the street car would slacken its speed to give the automobile the right of way. True, the street car was to the right; but upon this testimony it was too far away to claim the right of way, which is not unyielding. Bradley v. Minneapolis St. Ry. Co. 161 Minn. 322, 201 N. W. 606. The testimony of plaintiff, the driver and a spectator disclosed a situation which, if true, would support a conclusion of the jury that defendant's motorman was negligent. This evidence was sufficient in law to take the case to the jury. In the absence of any evidence from defendant it would have supported a verdict for the plaintiff. If it were sufficient in fact, the street car approached and attempted to cross the street intersection, in the presence of the automobile, at a dangerous rate of speed and without being under control. The court denied a motion to dismiss when plaintiff rested.

Defendant called a larger number of witnesses whose testimony on the matter of the speed of the two vehicles was in sharp conflict with the testimony of plaintiff's witnesses.

Defendant's version of the accident was that the street car traveled as usual, slowed down to 4 or 5 miles per hour when it was 10 or 12 feet from the cross street, and then speeded up to 7 or 8 miles per hour as it proceeded to cross the street on which the automobile was traveling. When it entered onto the crossing the automobile was 75 feet east of the north and south street, traveling at 15 to 20 miles per hour. The automobile did not stop at the curb line but continued at the same speed to the point of collision. It

came in contact with the street car on the left side some ten feet from the front end.

With one exception all the witnesses to the actual collision agree that the automobile was turned to the left at the time of the collision. Whether the automobile hit the street car or the street car hit the automobile is not controlling. If the manner of approach and the speed of the two vehicles was as plaintiff claims, liability might be found even though the point of contact between the two vehicles was substantially as claimed by defendant. The street car was not damaged. A journal plate on the second wheel from the front of the street car was pushed forward. The automobile could hardly have run into the side of the street car going as·fast as one ·or more of defendant's witnesses state.

At the close of the trial defendant's motion for a directed verdict was granted. The trial court was of the opinion: (1) That the, accident was caused by the negligence of the driver of the automobile and by the negligence of plaintiff himself; (2) that the accident could not possibly have occurred in the way in which plaintiff claims it did; and (3) that reasonable men and women could reach but one conclusion from the disputed evidence.

[1] We are of the opinion that it was error to hold plaintiff, who was merely a guest in the automobile, guilty of contributory negligence as a matter of law. McDonald v. Mesaba Ry. Co. 137 Minn. 275, 163 N. W. 298; Carson v. Turrish, 140 Minn. 445, 168 N. W. 349; Kalland v. City of Brainerd, 141 Minn. 119, 169 N. W. 475; McKellar v. Yellow Cab Co. 148 Minn. 247, 181 N. W. 348; Lundh v. G. N. Ry. Co. 165 Minn. 141, 206 N. W. 43; Jones v. Schreiber, 166 Minn. 177, 207 N. W. 322; Vukos v. Duluth St. Ry. Co. supra, p. 237; Molden v. M. St. P. & S. S. M. Ry. Co. 167 Minn. 132, 208 N. W. 541; 4 Dunnell, Minn. Dig. (2 ed.) § 7038.

[2] The matter of directing a verdict involves great care and caution. The right however involves the duty to do so. The right or duty must be cautiously ·and sparingly exercised. It should be done only when it clearly appears to the court on the trial that it would be its manifest duty to set aside a contrary verdict as not justified by the evidence or as contrary to the law applicable to the

case. The motion for a directed verdict presents a question of law only. It admits for the purpose of the motion the credibility of the evidence for the adverse party and every inference which may fairly be drawn from such evidence. That view of the evidence most favorable to the adversary must be accepted. It is the right and duty of the trial court to direct a verdict when the state of the evidence is such as not to warrant a verdict for a party and if a verdict were rendered the other party would be entitled to a new trial. 6 Dunnell, Minn. Dig. (2 ed.) § 9764; Barrett v. Virginian Ry. Co. 250 U. S. 473, 39 S. Ct. 540, 63 L. ed. 1092. This is a convenient and wholesome rule which promotes the ends of justice.

When the motion is made on the ground of manifest preponderance of the evidence, it should be denied if different persons might reasonably draw different conclusions from the evidence. Yet application of this very simple rule is not always free from difficulty. The learned trial court was of the opinion that reasonable men and women could come to only one conclusion, and that was that the version of the plaintiff was not established and that the version of the defendant was established. The court reached its conclusion by a comparison of the testimony in support of the versions of the respective parties. He apparently weighed the evidence. Plaintiff's evidence seems weak when compared to defendant's. It is not for the court to weigh the evidence other than to determine its sufficiency in law. That is for the jury. When the established physical facts demonstrate that an accident could not have occurred as claimed, it is for the court to say so. But such is not this case. The evidence which supported plaintiff's case on the motion to dismiss still stands for the consideration of the jury. The defense has not, in law, explained it away or destroyed its legal sufficiency. The defense has merely contradicted and offered a version inconsistent therewith. Its evidence is not of such character or substance as to make its version conclusive or the plaintiff's impossible. The controversy rested on fact. There was evidence both ways. Its weight and credibility was for the jury. When the motion to dismiss was denied plaintiff's evidence was sufficient in law. It remained so when the case ended.

Reversed.