BOYD C. CARRIER v. MINNEAPOLIS STREET RAILWAY COMPANY.[1]

October 5, 1928.

No. 26,821.

**Directed verdict for defendant correct.**

Rule as to when verdict should be directed applied in action for personal injury received in collision between motor bus and street car. [Reporter]

Street Railroads, 36 Cyc. p. 1618 n. 1.

Plaintiff appealed from an order of the district court for Hennepin county, Bardwell, J. denying his motion for a new trial. Affirmed.

*Herbert P. Keller* and *George G. Chapin,* for appellant.
*Ralph T. Boardman* and *John F. Dulebohn,* for respondent.

PER CURIAM.

Plaintiff appealed from an order denying his motion for a new trial after a verdict was directed in favor of defendant. He seeks to recover for personal injuries occasioned by a collision. Defendant's street car was traveling on Washington avenue in Minneapolis, leaving Sixth avenue and going toward St. Paul. Plaintiff was operating a motor bus going in the same direction and he was traveling about eight or ten feet in the rear of a Ford car traveling about 15 miles per hour. The Ford suddenly stopped. Plaintiff put on his brakes and cramped his bus to the left to avoid hitting the Ford. This put the bus on the street car tracks. The right front fender of the bus hit the left rear fender of the Ford. The motor in the bus was killed. The bus came to a stop on the car tracks. Just as the bus stopped and the plaintiff reached ahead to put on the hand brake and was about to rise out of his seat, he heard the whistle of the street car and turned and saw the street car about three or four feet from his bus. The street car struck the bus and threw plaintiff against the steering wheel and wrenched his back causing serious injuries.

The bus had just passed the street car and was probably traveling about 30 miles per hour until the Ford became an obstruction. The motorman says that when the bus swung onto the tracks it was about 35 or 40 feet ahead and that the street car was then going about the usual speed of 20 miles an hour. He put on the brakes and blew the whistle, but he says the distance was so short that he could not stop in time to avoid the collision.

[1]Reported in 221 N. W. 244.

He testified that when a street car goes 20 miles per hour it requires about 50 feet in which to make a stop. Plaintiff's expert testified that it could be stopped in 35 feet. But he excludes the distance covered while the motorman applies the brakes. He says the first movement to stop the car is to throw off the power and the second movement is to apply the air. The time involved in doing this, according to the testimony of this witness, would permit the car to go more than 15 feet, so that the testimony of this witness is of no substantial benefit to plaintiff.

It must be remembered that the street car was traveling about 29 feet per second. From the moment the Ford suddenly stopped it was a very short time until the collision. Things moved fast. Plaintiff testified:

"I passed the intersection to about, oh, 120 or 125 feet past Sixth avenue there was a Ford roadster, * * * running about a foot or two to the right of the car track. He was proceeding about 15 miles an hour. Well, I glanced up in the mirror, and the street car was just starting to cross the intersection. I noticed the motorman looking through the side mirror to see whether he would clear this team that was in the intersection."

If he actually saw what he says he saw and at the place he says he saw it, he must have seen it, according to the testimony of all the witnesses and the physical facts in the case, from a point not immediately near the accident, as counsel argues, but from a point nearer the Sixth avenue intersection. Aside from this bit of testimony given by plaintiff, the witnesses all substantially agree as to the occurrence. We have gone over the record carefully and are unable to find any evidence in the case sufficient to take the case to the jury under the rule as stated in Manos v. St. Paul City Ry. Co. 173 Minn. 402, 217 N. W. 377. The verdict was properly directed.

Affirmed.