JOHN E. CHISHOLM vs. NORTHERN PACIFIC RAILROAD CO.

Argued by appellant, submitted on brief by respondent, April 10, 1893. Decided April 27, 1893.

**Negligence—Gate Open at Farm Crossing.**

> Evidence *held* sufficient to justify a verdict that defendant was guilty of negligence in not maintaining a proper gate at a farm crossing.

Appeal by defendant, the Northern Pacific Railroad Company, from a judgment of the District Court of Crow Wing County, *Geo. W. Holland*, J., entered June 10, 1892, against it for $184.57.

November 10, 1891, five cows belonging to plaintiff, John E. Chisholm, were killed at a farm crossing on defendant's railroad in Todd County.    He brought this action in the Municipal Court of the City of Brainard, and obtained judgment for their value.    Defendant appealed to the District Court on questions of both law and fact, and the case was again tried in that court on April 5, 1892, when plaintiff had a verdict for $130.    Judgment was entered thereon, and defendant appeals.

*Leon E. Lum, J. C. Bullitt,* and *Tilden R. Selmes,* for appellant.
*True & Wetherby,* for respondent.

MITCHELL, J.    The evidence is undisputed that plaintiff's cattle escaped from an inclosure near, but not adjoining, defendant's railway, and then got upon the railway at a farm crossing, through an open gate constituting a part of the fence which the defendant was required to maintain along its road.

It is urged that plaintiff himself was guilty of negligence because the field in which he put his cattle was not inclosed with a proper

fence, but we think the most that can be claimed for the evidence on this point is that it made a question for the jury.

If, as defendant claims, the gate had been in all respects in good order, but had been, the evening before, without the knowledge of the section men, opened, and left open, by some stranger, a very different case would have been presented. But the evidence is very clear that the apparatus for fastening the gate had been for weeks, or even months, so much out of order that it was quite difficult to fasten it, unless a person knew exactly how to manage it, and that as a consequence of this defective condition the gate was very frequently left open, or at least unfastened, so that the slightest force against it would cause it to open. This was sufficient to justify the jury in finding that the defendant was guilty of negligence. The fact that a stranger, who found the gate open the night before the accident, did not shut it, does not relieve the defendant from the consequences of its negligence.

Judgment affirmed.

VANDERBURGH, J., absent, took no part.

(Opinion published 54 N. W. Rep. 1061.)