(22 App. Div. 488.)

DETTMERS v. BROOKLYN HEIGHTS R. CO.

(Supreme Court, Appellate Division, Second Department. November 30, 1897.)

STREET RAILROAD—NEGLIGENCE—DOG ON TRACK.

In an action to recover damages from a surface-railway company for alleged negligence, resulting in the death of plaintiff's dog, which got under a moving car in some unexplained manner, *held*, that the mere fact that the car was, at the time of the accident, running at an excessive rate of speed, not shown to have been the cause of the accident, did not establish negligence on the part of the company.

Appeal from Kings county court.

Action by Frederick O. Dettmers against the Brooklyn Heights Railroad Company. From a judgment and order of the county court affirming a judgment of a justice, defendant appeals. Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

Charles A. Collin, for appellant.
George O. Case, for respondent.

PER CURIAM. There was no sufficient evidence in this case upon which to predicate negligence of the defendant. The only testimony upon the part of the plaintiff is that the car was running terribly fast,—faster than usual. But this rate of speed, assuming it to have been a negligent management of the car, was not shown to have been the cause of the accident resulting in the death of the dog. The accident happened in the middle of a block. No one saw the dog until he was under the car. How he got there is not explained by any one. The motorman says he was not upon the track in front of the car, nor does any one so testify. If he came on the track suddenly, and interposed himself in front of the car, or came so close to the side of the car that he was caught, no liability would be incurred for his death, even though the car was run at a rapid

rate. How the dog was caught is matter for speculation and conjecture. No proof establishes the fact, either directly or inferentially. Consequently it is impossible to say that the running down of the dog was the result of a negligent act. No liability, therefore, upon the part of the defendant, was established.

The judgment of the county court and of the justice should therefore be reversed, with costs.