EDWIN C. BEST v. GREAT NORTHERN RAILWAY COMPANY.[1]

June 2, 1905.

Nos. 14,254—(85).

**Railroad—Killing Stock.**

In an action to recover damages for the loss of stock alleged to have been killed by the wanton and wilful negligence of the defendant's trainmen, it is *held* that the evidence sustains the verdict for plaintiff, and that the trial court did not err in its charge to the jury.

Appeal by defendant from an order of the municipal court of Minneapolis, Dickinson, J., denying a motion for judgment notwithstanding the verdict or for a new trial. Affirmed.

*Rome G. Brown* and *Charles S. Albert,* for appellant.

*Geo. C. Stiles,* for respondent.

START, C. J.

On September 1, 1904, the plaintiff was the owner of two ponies, and while they were being driven across the defendant's railway track

[1] Reported in 103 N. W. 709.

near Orono, this state, they broke away from the persons in charge of them, ran upon the track and were hit and killed by the defendant's locomotive. This action was brought in the municipal court of the city of Minneapolis to recover damages for the loss of the ponies, on the ground of the defendant's alleged wanton and wilful negligence in the premises. The case was tried by a jury, and a verdict returned for the plaintiff for $211. The defendant appealed from an order denying its motion for judgment notwithstanding the verdict, or for a new trial.

Two questions are raised by the assignments of error: The first is to the effect that there is no evidence in the case to sustain the allegation that the defendant was guilty of wilful and wanton negligence; and, second, that the trial court erred in its charge to the jury, and in its refusal to charge upon the subject of wanton and wilful negligence.

1. To entitle the plaintiff to recover, it was necessary for him to show that the ponies were discovered upon the track, in a perilous position, by those in charge of the defendant's train, in time, with safety to the train and those on it, to have avoided hitting them, by the exercise of ordinary care, and that they failed to do so. Hohl v. Chicago, M. & St. P. Ry. Co., 61 Minn. 321, 63 N. W. 742; Mooers v. Northern Pacific R. Co., 69 Minn. 90, 71 N. W. 905. The evidence was conflicting. The testimony of the trainmen was to the effect that as soon as the ponies were discovered upon the track the danger signal was given, the brakes applied, and all done that could have been reasonably done to stop the train and avert the threatened collision. There was, however, evidence on behalf of the plaintiff tending to show that the defendant's engineer must have seen the ponies on the track and in a perilous position in time, by the exercise of ordinary care, to have avoided striking them. The weight of the evidence seems to be in favor of the defendant, but there certainly was evidence tending to support the verdict; and we cannot set it aside simply because the preponderance of the evidence is, in our opinion, in favor of the defendant.

2. The defendant requested the court to instruct the jury as follows:

You are instructed that if you find that the engineer of defendant, after discovering the horses upon the track, gave the

danger alarm, and had reasonable cause to believe that said animals would leave the track, it would not be necessary for him to stop the train.

The refusal to give this instruction is urged as error. The request was misleading, for the reason that the jury might infer from it that if the engineer gave the signal, having reasonable cause to believe the animals would leave the track, it was not his duty to stop the train, even if he discovered that the animals did not heed his signal. But this aside, the request was an abstract proposition, in view of the testimony of the engineer to the effect that he gave the signal and attempted to stop the train immediately upon discovering the ponies on the track. The request was properly refused.

The defendant also requested the court to give this instruction:

> You are instructed that the plaintiff must show by a preponderance of the evidence that defendant's engineer and fireman saw the horses in a perilous position, and they could, after seeing them in such position, with safety to the train, have stopped said train before reaching said horses, and that after seeing them they omitted to do some particular thing which they could have done to avoid the injury. If you do not so find, your verdict must be for the defendant.

It is true that the duty of those in charge of the train to avoid injury to those on the train and to the train itself was paramount to the duty of avoiding injury to trespassing stock upon the track. But the request placed upon the plaintiff the burden of showing that both the engineer and fireman saw the horses in a perilous position, and failed to exercise ordinary care. The plaintiff's evidence tended to show that the engineer must have seen the animals on the track, It was not error to refuse this request. The charge of the trial court to the jury, taken as a whole, was a full and accurate statement of the law applicable to the case. We find no reversible error in it.

Order affirmed.