(121 App. Div. 549.)

### CRAFT v. PEEKSKILL LIGHTING & R. CO.

(Supreme Court, Appellate Division, Second Department. October 18, 1907.)

RAILROADS—COLLISIONS WITH ANIMALS—NEGLIGENCE—SUFFICIENCY OF EVIDENCE.

    In an action for killing plaintiff's cow,. a mere showing that the cow was struck by the defendant's electric car and killed was insufficient to support a verdict for plaintiff, since it did not show defendant negligent.

    [Ed. Note.—For cases in point, see Cent. Dig. vol. 41, Railroads, §§ 1578–1580, 1608.]

    Hooker, J., dissenting.

Appeal from Westchester County Court.

Action by George E. Craft against the Peekskill Lighting & Railroad Company to recover for the killing of plaintiff's cow. From a judgment for plaintiff, and an order denying defendant's motion for a new trial, defendant appeals. Reversed.

Argued before JENKS, HOOKER, GAYNOR, RICH, and MILLER, JJ.

Nathan P. Bushnell, for appellant.
Eugene B. Travis, for respondent.

GAYNOR, J. The plaintiff's cows strayed along the country highway at night, and one of them was killed by the defendant's electric car thereon while crossing in front of it. That the cow was killed is not enough to prove that the defendant was negligent and therefore liable. And yet that is all this verdict is based on. The plaintiff gave no evidence of how the thing happened. The defendant called the motorman, who testified that the cow suddenly appeared before him about to cross the track 30 feet ahead. He did all he could to stop his car but could not stop it in time. The plaintiff's lack of evidence cannot be eked out by saying the motorman's evidence is improbable, or colored, or does not seem to be truthful; there must be evidence to support the verdict. It may well be that the cow did what we well know from our experience here that human beings often do, viz., suddenly went upon the track. We may be able to see that if she had been walking along the track for a considerable distance the motorman should have seen her in time; but we have no such case here. Dettmers v. Brooklyn Heights R. Co., 22 App. Div. 488, 48 N. Y. Supp. 23.

The judgment should be reversed.

Judgment and order of the County Court of Westchester county reversed, and new trial ordered; costs to abide the event. All concur, except HOOKER, J., who dissents.