plaintiff was a fraud upon the plaintiff, within the rule applied in Charles S. Higgins Co. v. Higgins Soap Company, 144 N. Y. 462, 39 N. E. 490, 27 L. R. A. 42, 43 Am. St. Rep. 769, and similar cases, and also that it is contrary to the express provisions of section 6 of the general corporations law (Laws 1892, p. 1803, c. 687), and the filing of the defendant's certificate of incorporation is not conclusive upon the courts. People ex rel. Columbia Chemical Co. v. O'Brien, 101 App. Div. 296, 91 N. Y. Supp. 649.

---

COSTELLO, Respondent, v. UNION RY. CO. OF NEW YORK, Appellant. (Supreme Court, Appellate Division, First Department. April 24, 1908.) Action by Timothy Costello, an infant, against the Union Railway Company of New York. B. H. Ames, for appellant. C. L. Beare, for respondent. No opinion. Order reversed, with $10 costs and disbursements, and plaintiff given preference over issues noticed for the same term for which this action is noticed. Order filed.

---

COVELL & CROSBY CO. v. LEWIS et al. (Supreme Court, Appellate Division, First Department. May 1, 1908.) Action by the Covell & Crosby Company against Ralph C. Lewis and another. No opinion. Motion granted, with $10 costs. Order filed.

---

CRAFT, Appellant, v. PEEKSKILL LIGHTING & R. CO., Respondent. (Supreme Court, Appellate Division, Second Department. May 12, 1908.) Action by George E. Craft against the Peekskill Lighting & Railroad Company.

PER CURIAM. Judgment and order of the County Court of Westchester county affirmed, with costs, on the authority of Craft v. Peekskill Lighting & Railroad Co., 121 App. Div. 549, 106 N. Y. Supp. 232.

HOOKER, J., dissents.

---

CRAWFORD, Appellant, v. DONNELLY, Respondent. (Supreme Court, Appellate Division, Second Department. April 24, 1908.) Action by Mary A. Crawford against John P. Donnelly. No opinion. Order affirmed, with $10 costs and disbursements.

---

CUNNINGHAM, Respondent, v. BROOKLYN HEIGHTS R. CO., Appellant. (Supreme Court, Appellate Division, Second Department. April 24, 1908.) Action by William J. Cunningham against the Brooklyn Heights Railroad Company. No opinion. Judgment and order unanimously affirmed, with costs.

---

CURRY, Respondent, v. NASSAU ELECTRIC R. CO., Appellant. (Supreme Court, Appellate Division, Second Department. May 8, 1908.) Action by Patrick Curry against the Nassau Electric Railroad Company.

PER CURIAM. Judgment and order affirmed, with costs.

JENKS, J., dissents on the ground that it was an error to refuse the instruction that actual notice or knowledge of any rule of the railroad did not have to be brought home to the plaintiff (see Barker v. Central Park R. R. Co.,

151 N. Y. 237–242, 45 N. E. 550, 35 L. R. A. 489, 56 Am. St. Rep. 626), and upon the further ground that there is no evidence that any excessive force was used, but only that necessary to eject the plaintiff within the right of the defendant.

---

CURTIS, Appellant, v. WILLIAMSON, Respondent. (Supreme Court, Appellate Division, Second Department. April 24, 1908.) Action by Edward W. Curtis against William H. Williamson. No opinion. Judgment of the Municipal Court affirmed, with costs.

---

In re CUSHING. (Supreme Court, Appellate Division, First Department. May 1, 1908.) In the matter of Mabel R. Cushing. No opinion. Motion granted, with $10 costs.

---

DARRACH, Respondent, v. SILZ, Appellant. (Supreme Court, Appellate Division, First Department. May 29, 1908.) Action by James M. A. Darrach against August Silz. J. B. Coleman, for appellant. S. P. Anderton, for respondent. No opinion. Order affirmed, with $10 costs and disbursements. Order filed.

---

DAVIS, Appellant, v. VREELAND et al., Respondents. (Supreme Court, Appellate Division, Second Department. May 1, 1908.) Action by Everly M. Davis against Edward E. Vreeland and another. No opinion. Judgment of the Municipal Court affirmed, with costs.

---

DEAN, Respondent, v. WELLINGTON, Appellant. (Supreme Court, Appellate Division, Second Department. April 24, 1908.) Action by Frank Dean against Arthur J. Wellington.

PER CURIAM. There being no element of fraud in the case, the second contract, made by the defendant and the charterer, cannot be regarded as the exercise by the charterer of the option to renew. The plaintiff procured the first contract, and could only recover commission beyond the first month in case of the exercise by the charterer of the option to renew pursuant to the contract. The parties themselves negotiated the second contract, and the plaintiff was not the procuring cause. Judgment of the Municipal Court modified, by reducing the recovery to the sum of $20, and, as modified, affirmed, without costs to either party.

---

DEBROVSKY, Appellant, v. PELOWE et al, Respondents. (Supreme Court, Appellate Division, First Department. May 15, 1908.) Action by Julius Debrovsky against Jennie Pelowe and others. H. Hunfalvy, for appellant. E. Hertz, for respondents. No opinion. Judgment affirmed, with costs. Order filed.

---

DE LA VERGNE MACH. CO. v. ANTHONY & SCOVILL CO. (Supreme Court, Appellate Division, First Department. May 29, 1908.) Action by the De La Vergne Machine Company against the Anthony & Scovill Company. No opinion. Motion denied, on conditions stated in order. Order filed.

---

DESVERNINE et al., Respondents, v. RAMIREZ, Appellant. (Supreme Court, Appellate