## Clement *v.* Adams Express Company, Appellant.

*Negligence—Animals—Dogs—Driving over dog.*

1. If a person driving a wagon in a reasonable and proper manner along a city street or a country road, is confronted by a dog, he is under no obligation to stop until the dog gets out of the way, or to get out of the vehicle and try to remove the dog from the street, or to drive out of the way to avoid the dog. In such a case the driver may take into consideration the alertness and agility of the dog and assume

that it will get out of the way before the wagon reaches it.   The mere fact that the dog is a small house dog, does not change the rule.

2. Where a small Pomeranian dog runs in front of a team of horses, and barks, and is crushed under the wheels of the wagon drawn by the team, the owner of the team cannot be held liable for the loss of the dog, where there is no evidence to show willfulness on the part of the driver, or apparent inability of the dog to get out of the way of the wagon.

Argued Oct. 15, 1909.   Appeal, No. 88, Oct. T., 1909, by defendant, from judgment of C. P. No. 4, Phila. Co., March T., 1907, No. 3,490, on verdict for plaintiff in case of Hayes A. Clement v. Adams Express Company.   Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ.   Reversed.

Trespass to recover damages for the killing of a dog. Before CARR, J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $350.   Defendant appealed.

*Error assigned* was in refusing judgment for defendant non obstante veredicto.

*John Lewis Evans,* with him *Thomas DeWitt Cuyler,* for appellant.—The testimony presents no evidence of negligence on the defendant's part or facts from which either the jury or court could infer negligence.

The driver's duty under the circumstances was in no degree altered if he heard the call to stop: Furness v. R. R. Co., 4 Pa. Dist. Rep. 784; Moore v. Electric Ry., etc., Co., 136 N. C. 554 (48 S. E. Repr. 822).

The law will not allow damages for an injury caused concurrently by plaintiff's own negligence and defendant's negligence: Railroad Co. v. Skinner, 19 Pa. 298; Heil v. Glanding, 42 Pa. 493; Catawissa R. R. Co. v. Armstrong, 49 Pa. 186; Stiles v. Geesey, 71 Pa. 439;

Edwards v. P. & R. R. R. Co., 148 Pa. 531; Harman v. Penna. Tract. Co., 200 Pa. 311.

*Lincoln L. Eyre*, for appellee, cited as to the question of negligence: St. Louis, etc., Ry. Co. v. Hauks, 78 Texas, 300 (14 S. W. Repr. 691); Marshall v. Street Ry. Co., 73 S. W. Repr. 63; Kansas City, etc., R. R. Co. v. Hawkins, 82 Miss. 209 (34 So. Repr. 323); Jones v. Illinois Central R. R. Co., 75 Miss. 970 (23 So. Repr. 358); Smith v. Ry. Co., 79 Minn. 254 (82 N. W. Repr. 577); Fowles v. Seaboard Air Line Ry. Co., 73 S. C. 306 (53 S. E. Repr. 534); Citizens' Rapid Transit Co. v. Dew, 100 Tenn. 317 (45 S. W. Repr. 790); West Chicago Street R. R. Co. v. Klecka, 94 Ill. App. 346; Meisch v. Electric Ry. Co., 72 Hun, 604.

OPINION BY HENDERSON, J., July 20, 1910:

The plaintiff's declaration charged the defendant's servant with having carelessly and recklessly driven a horse with a wagon attached thereto toward and over a dog belonging to the plaintiff, on Sixteenth street in the city of Philadelphia. The carelessness and recklessness alleged in the evidence was that the driver neglected to stop his horse or turn out of his course to avoid the dog which was in the middle of the street along the line on which the horse was moving. The plaintiff's evidence shows that the driver was proceeding moderately on an ascending grade; that the dog, which was a small Pomeranian, ran into the street about fifty feet in advance of the horse and was barking at the plaintiff's wife who stood near the curb calling to him; that when the horse reached the place where the dog was it jumped and began to bark at the horse and that it was crushed under the wheels of the wagon. Mrs. Clement hallooed to the driver to stop in a tone of voice which she says he ought to have heard, but she did not know whether he heard her or not. She said he could have stopped or could have turned out from the car tracks and thereby freed the dog from danger. It is

not shown that the driver heard Mrs. Clement or observed the dog, nor is there any pretense that he was not driving in a lawful manner and at a moderate speed. The place where the dog was standing was not a public crossing and the driver was not put on notice of a situation requiring special care. He was not bound to assume that a dog might be in his way and, therefore, be alert to avoid injury. If, however, the inference may be legitimately drawn from the evidence that the driver heard the outcry of Mrs. Clement when the wagon was about fifty feet from the dog it does not follow that he was guilty of negligence if he did not stop or turn out of the way. Taking into consideration the alertness, agility and well-known ability of a dog to avoid danger and take care of itself, the driver might reasonably assume that the dog would get out of the way before the wagon reached it. We do not consider it to be the duty of one driving at a moderate pace along a city street or a country road to stop or drive out of the way when confronted by a dog. It is a matter of very common observation by those accustomed to driving horses that dogs run into the street and bark at passing teams and often run in front of the horses for a considerable distance. To drive to the right or left serves no useful purpose as the dog can change his position more quickly than can the horse, and there is no reasonable ground for believing that the dog could thereby be avoided. Nor is it obligatory on the driver to stop his horse when a dog remains in the way, barking at it. The case might be different with a cow or other animal having less alertness of movement and less ability to escape danger, but the sagacity, watchfulness and fleetness of a dog enable it to take care of itself against imminent peril. The driver of a slowly moving horse might well assume that a dog which noticed the horse would get out of the way before the wagon ran over him. Our attention has not been called to any action for negligence in killing a dog by driving over it with a wagon. Cases have arisen in other states, however, against steam and traction companies for

the negligent killing of dogs by locomotives and cars. In each instance where an action has been sustained, so far as we have discovered, the case turned on the allegation of excessive speed, or willfulness, or inability of the dog to escape the danger. Thus, in St. Louis, etc., Ry. Co. v. Hauks, 78 Tex. 300, there was evidence that the engineer intended to kill the dog and that it was run down in a cattle guard while escaping from the train. In Meisch v. Rochester Elec. Ry. Co., 72 Hun, 604, the dog was running along the street car track which was hedged in between two banks of snow and the case turned on the speed of the car. In Fink v. Evans, 95 Tenn. 413, it was held that dogs are within the contemplation of the statute of the state requiring the whistle to be sounded and other precautions to be taken when any person, animal or other obstruction appears on the track, and the failure to give warning was, therefore, evidence of negligence. In Smith v. Ry. Co., 79 Minn. 254, the car was running at an unlawful rate of speed and the case was given to the jury on the question whether the dog could have escaped if the car had been run at a proper rate of speed. In Harper v. Ry. Co., 6 L. R. A. (N. S.) 911, two dogs were fighting on the track. The case was submitted to the jury on the proposition that it was the duty of the motorman to give such signals as reasonable prudence would dictate under the circumstances, and to regulate the speed of the car. The case was put on the ground that the dog was engaged in fighting, and therefore did not notice the approaching car, but the same case reaffirms the doctrine of Smith v. Ry. Co., 79 Minn. 254, that a street car company is not required to stop its cars when running at a legal or reasonable rate of speed to avoid collisions with dogs; that ordinarily dogs may be presumed to take care of themselves and the motorman may act on such presumption. In harmony with the latter ruling is Moore v. Charlotte Elec. Ry. etc., Co., 136 N. C. 554, in which it was held that a dog is not entitled to the same consideration at the hands of an engineer in charge of a locomotive that

cattle or live stock are; that the presumption is that the dog has the instinct and ability to get out of the way of danger and will do so unless its freedom of action is interfered with by other circumstances at the time and place. This was also the conclusion of the court in Jones v. Bond, 40 Fed. Repr. 281; Fowles v. Seaboard Air Line Ry. Co., 73 S. C. 306; Wilson v. Wilmington, etc., R. R. Co., 10 Rich. L. 52.  In Dettmers v. Brooklyn Heights R. R. Co., 48 N. Y. Supp. 23, the court held that the fact that a trolley car was being run at an unusual rate of speed will not of itself show that the killing of a dog on the street was negligent.  And in Harper v. Ry. Co., 6 L. R. A. (N. S.) 911, the court after referring to Mooers v. Northern P. Ry. Co., 69 Minn. 90, which was a case of injury to horses on the track, said: "We apprehend that the same rule should not be applied in the case of dogs, owing to their superior intelligence, agility, and instinctive ability to get out of danger.  Consequently persons in charge of street cars should not be required to slow down merely because dogs may be running in the vicinity of, along, or across the tracks.  Under such circumstances motormen may well assume that dogs will get out of the way." The reasoning of these cases we consider applicable to the plaintiff's case.  Without evidence tending to show willfulness on the part of the defendant's driver or apparent inability of the dog to get out of the way of the wagon the charge of negligence cannot be sustained.  It is a very familiar doctrine that negligence consists in the absence of that ordinary care which a party ought to observe under the particular circumstances in which he is placed; and the degree of care is such as is exercised by men of reasonable and ordinary prudence under similar circumstances, and it is certainly not the action of a man of this class when a dog runs into the street in front of a horse which he is driving in a proper manner to stop until the dog gets out of the way or to get out of his vehicle and try to remove the dog from the street or to drive out of the way to avoid the dog.  Drivers presume that dogs in such situa-

tions will take care of themselves, and this presumption is based on observation and the well-known disposition of these animals. If the plaintiff's dog was less able to take care of himself than dogs ordinarily are, that was probably the consequence of the manner in which he had been reared and cared for. He was not accustomed to the streets and to the conditions there to be met. But the driver of the wagon had no notice of that nor any reason, from anything that appears in the case, to believe that this dog would not obey the instincts exhibited by other dogs in like situations. We are unable to view the case in a light which would sustain the judgment.

It is therefore reversed.

RICE, P. J., and PORTER, J., dissented.