FRED LINDEMANN v. CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY.[1]

January 26, 1923.

No. 23,257.

**New trial necessary because impossible to know whether verdict was based on erroneous ground of recovery.**

1. Where two grounds of recovery are submitted to a jury, one of them erroneously, and a verdict is rendered for the plaintiff in such manner that it is impossible to tell on which ground the jury based their verdict, a new trial must be granted.

**Issue whether fastening of farm gate at railroad was left in good repair.**

2. Where a railroad crosses a farm, it is required to provide a gate at a farm crossing, and to maintain the gate and its fastenings in a reasonably good state of repair. There is sufficient evidence in this case to raise an issue of fact as to whether a reasonably secure gate fastening was maintained.

**Wilful negligence in killing stock not proven.**

3. Wilful negligence in killing stock by a railroad train can only be predicated on the fact that the trainmen saw the animals in their place of danger in time to avoid injuring them. The evidence in this case is insufficient to show wilful negligence.

Action in the district court for Dakota county to recover $875. The case was tried before Johnson, J., who at the close of the testimony denied defendant's motion for a directed verdict, and a jury which returned a verdict for $354. From an order denying its mo-

[1]Reported in 191 N. W. 825.

tion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Reversed.

O'Brien, Stone, Horn & Stringer, for appellant.

Alfred E. Rietz, for respondent.

HALLAM, J.

Action for damages for the killing of two horses, a cow and a donkey, on defendant's right of way, and by defendant's train. The jury found for plaintiff. Defendant appeals.

Plaintiff is a farmer. Defendant's right of way passes through his farm. The right of way is fenced through plaintiff's farm. At a private crossing, defendant constructed a gate. On the night of October 14, 1921, this gate was open, the animals mentioned strayed through the gate, and on to the railroad track, and were killed by a passing train.

1. Plaintiff makes two charges of negligence on the part of defendant: First, that defendant failed to maintain a sufficient latch or fastening for the gate, and that it came open by reason of that fact; and, second, that the trainmen saw the animals on the track, and through wilful and wanton negligence ran over them. Both questions were submitted to the jury. The verdict was general. There was no special finding, and it is impossible to determine on which ground the jury based their verdict. Under repeated decisions of this court, if either is without evidence to sustain it, the case was erroneously submitted and a new trial must be granted. Holden v. O'Brien, 86 Minn. 297, 90 N. W. 531; Vasey v. Saari, 141 Minn. 103, 169 N. W. 478.

2. The evidence as to the first proposition is, in our opinion, sufficient. Under our statutes, G. S. 1913, § 4263, et seq., defendant was obliged to provide a gate at this farm crossing, and to maintain the gate and its fastenings in reasonably good state of repair. Sather v. Chicago, M. & St. P. Ry. Co. 40 Minn. 91, 41 N. W. 458; Chisholm v. Northern Pac. R. Co. 53 Minn. 122, 54 N. W. 1061; Swanson v. Chicago, M. & St. P. Ry. Co. 79 Minn. 398, 403, 82 N. W. 670, 49 L. R. A. 625. Plaintiff's evidence is to the effect that there was no latch on the gate and that the only fastening was just

a small wire, tied to the fence and hooked onto the gate. His evidence tends to show that it was a very insecure fastening.

3. The testimony of defendant's witnesses is that there was a very secure fastening to the gate. If the jury found with defendant on this point, then the animals were mere trespassing animals, and liability could only be predicated on wilful or wanton negligence. As to wilful or wanton negligence, our opinion is that plaintiff's evidence is insufficient. Wilful negligence could only be predicated on the fact that the men in charge of the train saw the animals in their place of danger in time to avoid injuring them. Locke v. First Division of St. P. & Pac. R. Co. 15 Minn. 283 (350); Mooers v. Northern Pac. R. Co. 69 Minn. 90, 71 N. W. 905; Best v. Great Northern Ry. Co. 95 Minn. 67, 103 N. W. 709.

There is no direct evidence on this subject. None of the trainmen were called and no one was called who saw the accident. In cases where the animals were on the track, and there is evidence that the engineer or fireman was looking ahead, the jury have been permitted to infer that he in fact saw the animals on the track in plain sight. Mooers v. Northern Pac. R. Co. 69 Minn. 90, 71 N. W. 905. But here there is no evidence as to how long the animals were on the track. We cannot assume that they were there long enough to permit the engineer to stop his train. Plaintiff testified that he found the footprints of a horse upon the track which looked to him as though a horse had been running fast. But it would be mere conjecture to say that these were the footprints of one of the horses killed, running ahead of the train. There is no evidence that either engineer or fireman saw any animal. No evidence, indeed, of any fact except that the animals were killed, and therefore must have been upon the track when the train came. But no inference of wilful negligence could be drawn from this fact.

Order reversed and new trial granted.