GEORGETTE AND HARRY KLOSS v. MINNEAPOLIS STREET
RAILWAY COMPANY AND ANOTHER.[1]

April 20, 1928.

Nos. 26,564, 26,565.

**Personal injuries from collision were due to concurrent negligence of both defendants.**

1. The plaintiff was injured in a collision between a street car of the defendant street railway company in which she was riding and a wagon of the defendant express company which turned across the street in front of the car. The complaint alleged the negligence of the two defendants and alleged specifically that the motorman saw the express wagon in time to stop and avoid the collision. The jury found for the plaintiff against the express company and found in favor of the street railway company. *Held* that the case alleged was one of concurrent negligence, that the specific allegation did not show the negligence of the street railway company to be an intervening and the sole proximate cause of the collision, and that the verdict finding the express company negligent and its negligence the proximate cause of the injury is sustained.

**Damages awarded to wife were not excessive.**

2. The damages are not excessive.

Carriers, 10 C. J. p. 997 n. 3.
Damages, 17 C. J. p. 1119 n. 25.
Husband and Wife, 30 C. J. p. 967 n. 84.

See note in L. R. A. 1915F, 426; 46 A. L. R. 1398.

Two actions in the district court for Hennepin county, one by Georgette Kloss to recover for personal injuries sustained, and the other by her husband, Harry Kloss, to recover damages for the loss of his wife's services. There were verdicts against the defendant American Railway Express Company in favor of plaintiffs and a verdict in each case for the defendant street railway company. From orders, Dickinson, J. denying its alternative motions for

[1]Reported in 219 N. W. 179.

judgment or a new trial, the defendant express company appealed.
Affirmed.

*Ohman, Fryberger & Wangaard,* for appellant.

*Mark J. McCabe* and *Mead & Bryngelson,* for respondents.

DIBELL, J.

Two cases were tried together, one in which Georgette Kloss was
the plaintiff and the other in which Harry Kloss, her husband, was
the plaintiff, both against the Minneapolis Street Railway Com-
pany and the American Railway Express Company, one to recover
for personal injuries sustained by the wife, the other for damages
to the plaintiff Harry Kloss through the loss of services of his wife.
There was a verdict for $7,500 in favor of Georgette Kloss and one
for $982.96 in favor of her husband against the defendant express
company. There was a verdict for the defendant street railway com-
pany. Defendant express company moved in each case for judg-
ment notwithstanding the verdict or for a new trial, and the appeal
is from the orders denying the motions.

1. The accident occurred on December 11, 1925, at three o'clock
in the afternoon on Sixth street between Third and Fourth avenues
south in Minneapolis. The plaintiff Georgette Kloss was a pas-
senger on one of the railway company's cars. The car was going
westerly along Sixth street. It had made a stop to take on pas-
sengers at Fourth avenue and was moving toward Third avenue.
A wagon of the express company was in the middle of the block
between Third and Fourth avenues on the track southerly and
parallel to the one on which the car was moving. The street car
and the wagon collided and the plaintiff was injured. The col-
lision came when the driver of the express wagon turned across the
street in the middle of the block.

The complaint alleged negligence of both defendants. It unneces-
sarily alleged that the driver of the street car saw the express wagon
and could have stopped in time to avoid harm. The street railway
company admitted that the express company was negligent, and the
express company admitted that the street railway company was
negligent. Each denied its own negligence.

The case made by the pleadings is one of concurrent negligence of the defendants. As found by the jury there was negligence of the express company but not of the street railway company. The claim of the express company is that the pleading did not permit a recovery of the express company, since under the specific allegation stated the negligence of the street car company was the proximate cause of the injury. Counsel for the defendant made his claim at the beginning of the trial and has not waived it.

The allegation that the motorman could have stopped his car and avoided the collision does not prevent a recovery against the express company. The theory of the complaint was that the negligence of each was a proximate cause. If so, there might be a recovery against both. The jury found that the express company was negligent and that the street railway company was not. This it might do. The jury might have found that the express company was violating an ordinance when it turned in front of the street car, and so was liable, or that it was negligent aside from that. The general rules applicable to concurrent negligence and proximate and intervening cause are stated in Fairchild v. Fleming, 125 Minn. 431, 147 N. W. 434; Palyo v. N. P. Ry. Co. 144 Minn. 398, 175 N. W. 687; Moody v. C. N. Ry. Co. 156 Minn. 211, 194 N. W. 639; Holmberg v. Villaume, 158 Minn. 442, 197 N. W. 849; 4 Dunnell, Minn. Dig. (2 ed.) §§ 6999-7007. The evidence permitted a finding that the express company's negligence was the proximate cause of the collision.

2. It is claimed that the damages were excessive. Mrs. Kloss was 30 years of age. She suffered a miscarriage. An operation was necessary. Another operation may be advisable. There is evidence that she may be sterile. She is neurasthenic and anaemic. Some of her injuries may be permanent. Defendants did not call their physicians who had examined her. Her physicians described her injuries in detail. We cannot say that the damages are excessive.

Orders affirmed.