# LUDWIG HALOS v. C. A. NACHBAR AND ANOTHER.[1]

February 7, 1936.

No. 30,593.

*John W. Padden* and *Alexander Fosmark,* for appellant.
*Grady & Grady,* for respondent.

DEVANEY, CHIEF JUSTICE.

Action in replevin.

On November 14, 1933, plaintiff borrowed of defendant Nachbar the sum of $165, for which he executed and delivered to Nachbar his promissory note in the amount of $200, which was made payable to the Torrance Motor Company of Crookston, Minnesota. To secure payment of this note, a conditional sales contract covering the automobile was entered into between the Torrance Motor Company and plaintiff. On the same day the motor company assigned the

[1]Reported in 265 N. W. 26.

$200 note and the sales contract to Nachbar. Upon receipt of these, Nachbar delivered his check for $165 to the motor company and payable to its order. The company indorsed the check and delivered it to plaintiff, who cashed it. The motor company had no financial interest in the transaction, serving merely as a medium for the negotiation of the loan at the request of Nachbar. By July, 1934, plaintiff had reduced the amount owed on the note to $115 but was in arrears in his payments. Nachbar advised plaintiff of that fact and suggested that plaintiff give to him, Nachbar, possession of the automobile, which plaintiff did. About 23 or 24 days later plaintiff tendered to Nachbar $125 to pay up the indebtedness and whatever additional charges there might be, and demanded the return of the automobile, which tender and demand were refused. Thereafter plaintiff commenced this action in replevin, contending that the entire transaction was usurious and that therefore the note and conditional sales contract were illegal and void. Defendants contended that the transaction was taken out of the operation of the Minnesota usury statutes, 2 Mason Minn. St. 1927, §§ 7037, 7040, by the fact that the contract was "executed" and not "executory"; that the legislature contemplated relief from usurious loans only as long as they were executory; and that the automobile was voluntarily delivered to Nachbar by plaintiff as satisfaction and payment of whatever was due Nachbar under the sales contract. Plaintiff maintained that the automobile was turned over to Nachbar in order that the insurance on it would not be canceled, and that it was left in the possession of Nachbar only until such time as plaintiff could reclaim it.

The cause came to trial, and, over defendants' objection that usury was not in issue because it had not been pleaded, the court permitted plaintiff to show that the contract was usurious. At the close of all of the testimony the action was dismissed as to the defendant Clifford Nordlum. The defendant Nachbar submitted to the court the following three interrogatories to be answered by the jury:

"1. Did the defendant C. A. Nachbar exact and receive from the plaintiff Ludwig Halos as interest on the loan of two hundred

($200.00) dollars an amount in excess of eight ($8.00) dollars on one hundred ($100.00) dollars for one year?

"2. Was the Ford automobile voluntarily turned back by Ludwig Halos to C. A. Nachbar?

"3. Was it agreed between Ludwig Halos and C. A. Nachbar that the former could buy back the automobile at any time before it was sold?"

The first and third of these questions were submitted to the jury and both were answered in the affirmative. The second interrogatory was refused. The jury returned a verdict for the plaintiff. This appeal is taken from an order of the trial court denying the alternative motion of the defendant for judgment notwithstanding the verdict or for a new trial.

Assuming, but not deciding, that the Minnesota statutes relative to usury apply only to unexecuted contracts, only two questions are presented by this appeal:

(1) Did the court err in refusing to submit defendant's second interrogatory to the jury?

(2) Did the court err in receiving the evidence of usury offered by plaintiff?

■ In our opinion the court did not err in refusing to submit the second interrogatory to the jury. It is well settled in this state that the trial court may submit or refuse to submit special interrogatories to the jury within its discretion, and there is no reversible error unless the trial court abused its discretion. Moody v. Canadian Northern Ry. Co. 156 Minn. 211, 194 N. W. 639; Kling v. Thompson-McDonald Lbr. Co. 127 Minn. 468, 149 N. W. 947; Iltis v. C. M. & St. P. Ry. Co. 40 Minn. 273, 41 N. W. 1040; Jacobson v. C. M. & St. P. Ry. Co. 132 Minn. 181, 156 N. W. 251, L. R. A. 1916D, 144, Ann. Cas. 1918A, 355. There is no abuse of discretion here. Furthermore, we are of the opinion that as the third question was submitted to the jury, the rejected interrogatory would have added nothing. The third question clearly covered the point sought to be determined by the second. There is no dispute that the automobile was voluntarily turned over to Nachbar. That was conceded by

plaintiff. The only question for the jury to decide was the purpose for which it was placed in defendant's possession, which question was litigated.

■ There was no error in receiving in evidence the instruments evidencing the transaction occurring when plaintiff obtained the loan of $165 from Nachbar. The complaint alleged title and right of immediate possession of the Ford automobile, describing it by motor and registration numbers. The answer of Nachbar was a general denial. It was open to plaintiff under this state of the pleadings to prove his title, which he did by his testimony of the purchase of the car and its registration, and equally proper to prove that the only claim that Nachbar could assert either of title or right of possession came through the documents executed to evidence the loan transaction mentioned, and that these documents were tainted with usury. When this was proved, Nachbar's claim of title and right of possession was at an end. Nachbar did not claim or attempt to prove that he derived title or right of possession through anyone other than plaintiff or by means of any other transaction than the documents executed in connection with the loan of the money, with the exception of the claim, found against him by the jury, that to settle the usurious loan the car had been turned over to him by plaintiff. When either a plaintiff or a defendant must through written contracts assert right to the property involved in litigation, proof that such contracts are illegal or usurious is properly received. A defendant under a general denial may prove the illegality of the contract upon which a plaintiff declares. Vos v. Albany Mut. F. Ins. Co. 191 Minn. 197, 253 N. W. 549. A contract tainted with usury is illegal and void. 2 Mason Minn. St. 1927, §§ 7037, 7040.

The order is affirmed.